SAMUEL KATZ *vs*. THE COMMERCIAL BANK AND TRUST COMPANY.

Third Judicial District, New Haven, January Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and HAINES, Js.

Proof of tender entitles the party pleading it to costs, only when it is pleaded as the sole defense.
All evidence is to be weighed according to the proof which it is in the power of one side to produce and in the power of the other to contradict.
A so-called fact is not necessarily "admitted" or "undisputed" within the meaning of § 11, page 309 of the Practice Book, merely because some witness has testified to it and no witness has directly contradicted it.

Argued January 20th—decided February 23d, 1925.

ACTION for damages alleged to have resulted from the refusal of the defendant to surrender possession of the plaintiff's premises at the expiration of its lease, and for the reasonable value of the defendant's use and occupation of said premises, brought to the Superior Court in Fairfield County and tried to the court, *Wolfe, J.;* facts found and judgment rendered

for the plaintiff for $833, from which he appealed. *Error in part.*

The finding discloses the following facts: The plaintiff is the owner of a building on Main Street in Bridgeport, which in April, 1923, the defendant was occupying as a banking house under a lease expiring July 1st, 1923, at a monthly rental of $416.66. In April, 1923, the plaintiff and defendant agreed to an extension of this lease until October 1st, 1923. The defendant was building a new banking house, and delay in operations required it to occupy another banking house until December 1st, 1923. It attempted to secure an extension of its lease to that date, but failed. About October 1st the plaintiff began an action of summary process to regain possession of the premises, but by agreement of the parties such action was not brought to trial. On November 30th, 1923, the defendant quit possession of the plaintiff's premises. The plaintiff did not secure a bona fide tenant for the premises before December 1st, 1923, or agree to any lease of the premises, nor, as a result of the defendant's occupancy during October and November, did the plaintiff lose an opportunity to lease the premises, nor did the plaintiff suffer any damage or loss as a result of such occupancy except the reasonable rental value of the same, which was $416.66 per month.

The defendant tendered the plaintiff the sum of $416.66 on the first days of October and November, 1923, but the plaintiff refused to accept the same.

No finding was made as to any expense incurred by the plaintiff in prosecuting its action of summary process.

The court rendered judgment for the plaintiff to recover $833.32, and for the defendant to recover its costs.

*Lawrence S. Finkelstone,* for the appellant (plaintiff).

*Arthur M. Comley,* for the appellee (defendant).

CURTIS, J. Under the facts found, the conclusion of the court that the plaintiff was entitled to recover $833.32 was correct. The court, however, was in error in failing to render judgment for the plaintiff to recover that sum and costs, and in rendering judgment for the defendant to recover costs because it established its allegation of tender.

Under the practice in this State, proof of tender entitles the party pleading it to costs, only when it is pleaded as a sole defense, which was not the case here. *Hatch* v. *Thompson,* 67 Conn. 74, 34 Atl. 770; *Rowell* v. *Ross,* 87 Conn. 157, 87 Atl. 355.

If the finding is not corrected, it cannot seriously be claimed that the court did not correctly hold that the plaintiff was entitled to no more than $833.32 damages.

In order to establish a basis for his claim that the court should have found a greater sum as damages, the plaintiff alleges as error the failure of the trial court to correct the finding in accord with the following request. The plaintiff requested the trial court to add to its finding the following statements of his proposed finding: "The plaintiff had agreed to lease said premises for a term of five (5) years, at an annual rental of six thousand ($6,000) dollars, to the Consolidated Furniture Company, Inc., a corporation organized and existing under the laws of the State of Connecticut and having its principal place of business at Stamford, Connecticut. Possession was to be delivered by the plaintiff to the said Consolidated Furniture Company on October 1st, 1923. The plaintiff lost

an opportunity to lease said premises to the said tenant because of the failure, negligence and refusal of the said defendant to relinquish possession of said premises. The plaintiff lost an opportunity to lease said premises for a period of five (5) years at a rental of six thousand ($6,000) dollars per year, by reason of the unlawful withholding of possession by the said defendant. The said defendant had notice that the said plaintiff would lose an advantageous lease if the said defendant failed, neglected or refused to remove from the said premises on or before said October 1st, 1923. The plaintiff has been unable to rent said premises as advantageously since the said defendant has relinquished said premises."

This request the trial court denied.

An examination of the evidence offered in support of these claimed facts discloses that the trial court must have found that these facts were not proven, because it failed to give weight to the evidence of the plaintiff upon which their proof depended. It appears in evidence that the person with whom the plaintiff claimed to have entered into an arrangement for a leasing of the premises from October 1st, 1923, was in court during the trial and was not called upon to testify by the plaintiff. This fact brings the testimony offered within the maxim of evidence which says " 'that all evidence is to be weighed according to the proof which it was in the power of one side to have produced, and in the power of the other to have contradicted.' " Chamberlayne's Hand Book on Evidence, § 431.

It is to be borne in mind that the same amount of evidence that would be sufficient to prevent a nonsuit may fall far short of establishing a fact as an undisputed fact. Section 11, p. 309 of the Practice Book, says: "That a witness testified to a fact without direct

contradiction is not of itself sufficient" to establish a fact as undisputed. "The trial court must judge of the credit of a witness."

For the reason stated, the reasons of appeal relating to a correction of the finding are overruled.

Upon the uncorrected finding judgment must be rendered as stated above.

There is error in part, the judgment is set aside and the cause remanded for entry of judgment in conformity with this opinion.

In this opinion the other judges concurred.