FLORENCE E. DARROW *vs.* HYMAN FLEISCHNER ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 4th—decided November 7th, 1933.

*Irving Sweedler,* with whom, on the brief, was *Samuel E. Hoyt,* for the appellants (defendants).

*Joseph B. Morse,* with whom, on the brief, were *Philip Pond* and *Daniel D. Morgan,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff brought this action to recover for injuries to her person and property resulting from a collision at a street intersection between an automobile she was driving and one owned by one of the defendants and being operated by the other, and from a judgment upon a verdict in her favor the defendants have appealed. The only errors assigned relate to the charge of the trial court. In defining the obligation of the plaintiff as regards the burden of proof resting upon her, the trial court charged the jury that "she must prove by the better evidence, by evidence which is more satisfying to you gentlemen," the essentials of the cause of action alleged; in other places in the charge the court, in speaking of the burden resting upon the plaintiff, stated that it required proof by "the better evidence;" and nowhere in the charge did it further define the duty resting upon her. The test to apply in determining whether the charge constituted reversible error in this respect is stated in *Mead* v. *Husted,* 52 Conn. 53. In that case the trial court instructed the jury that if "you believe fairly and honestly that it is more likely to be true that the defendant did set fire to these barns of the plaintiff than that he did not, you ought to render a verdict for the plaintiff." We said (p. 57) that had the trial court, instead of using the language which it did, simply told

the jury that a preponderance of evidence in favor of the plaintiff would justify a verdict in his favor, no fault could be found with the charge. "It would have been the language usually employed, which is always safer for the court than to substitute other words not so common. Nevertheless, if the substituted phrase would be understood in the same way by the jury, or if it is in fact fairly equivalent in meaning, a new trial should not be granted on that account. In the connection and in view of the instructions as to the burden of proof and the duty of the jury to examine the whole evidence and give the defendant the benefit of the presumption in his favor, we think it must have had the same effect on the jury as the ordinary language would. But it is claimed that the law cannot sanction the use of the substituted phrase or regard it as equivalent. The judge, instead of requesting the jury to weigh the evidence and determine the result by the preponderance, asked them to consider it all, and then gave them the true and only weighing scales whereby preponderance could be determined, namely, the effect on the honest mind of each juror. If the effect was to convince the jury that the controlling facts for the plaintiff were more likely to be true, they ought to give a verdict for him; otherwise for the defendant."

In an ordinary civil action the party upon whom rests the burden of proof has sustained it if the evidence, considered fairly and impartially, induces in the mind of the trier a reasonable belief that it is more probable than otherwise that the fact in issue is true. *Hoyt* v. *Danbury*, 69 Conn. 341, 348, 37 Atl. 1051; *Bradbury* v. *South Norwalk*, 80 Conn. 298, 301, 68 Atl. 321; *Johnson* v. *Connecticut Co.*, 85 Conn. 438, 440, 83 Atl. 530; *Sullivan* v. *Nesbit*, 97 Conn. 474, 479, 117 Atl. 502; *Dupre* v. *Atlantic Refining Co.*, 98 Conn. 646, 650, 120 Atl. 288; *Barry* v. *Miller*, 104 Conn. 362, 365,

133 Atl. 37; *Southern New England Ice Co.* v. *West Hartford*, 114 Conn. 496, 506, 159 Atl. 470; *Hedberg* v. *Cooley*, 115 Conn. 352, 354, 161 Atl. 665; *Tappan* v. *Knox*, 115 Conn. 508, 515, 162 Atl. 7. The charge ordinarily given by our trial courts, that it is sufficient if the party upon whom rests the burden of proof establishes the fact in issue by a fair preponderance of the evidence, qualified as that instruction usually is by further explanation to the effect that such a preponderance of evidence is to be determined not by the number of witnesses but by the quality or character of the evidence, and that upon all the evidence the jury must come to a fair and reasonable conclusion that the facts claimed have been proven, or the like, while perhaps open to technical criticism, is no doubt sufficient to the needs of most of the situations presented, and has the great advantage of familiarity as regards jurors, most of whom have served in other cases and heard, perhaps often, a similar charge. But, as pointed out in *Mead* v. *Husted, supra,* no peculiar sanctity attaches to the form of words used.

In the instant case, the trial court did not rest with a charge that the plaintiff must prove the essential elements of a cause of action by the "better evidence," but it defined that as meaning "the evidence which is more satisfying to you." In effect the jury were told that the evidence as to the existence of the necessary elements of the plaintiff's cause of action must be more satisfactory to them than the evidence to the contrary. Satisfaction of the minds of the jury might well be understood as requiring more than the creation of a reasonable belief; *Herrick* v. *Gary,* 83 Ill. 85, 89; but it could hardly have been understood as requiring a lesser degree of proof than the law demands. We cannot find reversible error in the charge as is deals with this matter.

The only other assignment of error is based upon a single sentence taken from that part of the charge in which the trial court was instructing the jury as to the rights and duties of the drivers of the two cars as they came to the intersection of the two streets. Read in its proper context, the sentence of which complaint is made was correct. The trial court was using the phrase "risk of collision" as it is used in *Neumann* v. *Apter,* 95 Conn. 695, 701, 112 Atl. 350, in explaining the meaning of the words in the statute, "provided such vehicles are arriving at such intersection at approximately the same time;" General Statutes, § 1639, Cum. Sup. 1933, § 451b; the court was referring to the element of "risk of collision" as it was involved in determining whether the plaintiff had the right of way, not with a view to a situation where a driver having the right of way nevertheless proceeds when he knows or ought to know that to do so will involve danger of a collision.

There is no error.

In this opinion the other judges concurred.