## ANTHONY PORPORA. ADMR.
### vs.
## CITY OF NEW HAVEN

Superior Court     New Haven County     File #42796

Present:  Hon. EDWIN C. DICKENSON, Judge.

W. F. Geenty,
Thomas F. Fitzsimmons,      Attorneys for the Plaintiff.

The Corporation Counsel,      Attorney for the Defendant.

## MEMORANDUM FILED OCTOBER 9, 1935.

DICKENSON, J. The plaintiff's decedent was driving his truck over Tomlinson Bridge, New Haven, on the 14th day of September, 1933 at about 6:45 A.M., D.S.T. Tomlinson Bridge is a part of Route 1 the main post-road between New Haven and New London. It is 42 feet wide, has a concrete surface, there are double trolley tracks crossing it and it has a lift to allow the passage of vessels up and down the Quinnipiac River.

So far as appears there were no special restrictions or warnings as to speed. The photographs in evidence show a wide smooth roadway.

The decedent was operating a one-half ton Ford truck with a light load. Just before the accident he was driving at about thirty-five miles an hour. While it was raining and the pavement was wet there were no other vehicles near him and this speed was not excessive under the circumstances. A fisherman standing on the south walk of the bridge near the center apparently saw nothing unusual in the manner of approach of the truck for he has stated, he glanced at it casually twice as it approached and went on with his preparations for fishing.

Where the causeway joins the bridge proper there is a seam characterized by witnesses as a "bump". By driving in the trolley rails a vehicle may avoid this. The decedent who had been driving on his right side of the road pulled to his left on to the tracks as he approached the bump. It seems a reasonable inference that either in getting on or off the trolley tracks his truck started to skid causing it to veer into the curb and gate at his right. The evidence satisfies me that this gate was not partly open, as claimed by the plaintiff, but was substantially in line with the curb.

The truck struck the gate with considerable force and was deflected from it and traveled at approximately a forty-five degree angle across the lift of the bridge over the curb and sidewalk and into the river, taking a long section of the lift-railing with it.

While the evidence is circumstantial, it seems a reasonable inference that the skidding was accidental and that the decedent was proceeding as a reasonably prudent operator might have at the time.

The case turns, then, upon whether a failure on the part of the defendant to provide a sufficient rail under the statute was the cause of the decedent's death.

The experts are agreed that the existing rail was neither designed nor adapted to withstand the impact of an automobile travelling at any ordinary speed. Its purpose was to guard pedestrians using the walk beside it. The defendant's experts contend that the guard for motor vehicles was the curb and that with a six-inch curb such as this the rail was reasonably adequate.

The evidence is convincing that neither curb nor rail retarded the truck in its course to any noticeable degree. The fisherman witness above referred to testified the truck was travelling at about 30 miles an hour and its speed had not slackened when it went off the bridge.

The curb was the ordinary six-inch street curb. It seems obvious the legislature, providing against unusual dangers beside the road, intended more of a protection than this. A barrier was needed not to prevent a car from running on to the sidewalk but "because of the danger of going off the bridge". Dunn vs. MacDonald, 110 Conn. at 78.

It was said in Porpora vs. New Haven, 119 Conn. at 481 (an appeal from another trial of the instant case), "There would be little purpose in the requirement that there be railings or fences upon a bridge as far as concerns ordinary traffic passing in its usual course. In the main, the purpose of the requirement is to provide against those mischances naturally incident to traffic which may arise due to unforeseen circumstances."

It may well be said in the words of that decision (P. 482) that "the skidding of the truck so as to bring it into contact with the railing was a natural incident to the use of the highway the possibility of which" ought to have been guarded against. James vs. Van Schuckman, 115 Conn. 493.

The defendant contends, however, that even if this was not, as it claims it was, a sufficient guard it does not appear that any reasonable guard would have prevented the truck from going off the bridge.

The plaintiff can not of course prove just what would have happened had there been a sufficient guard, for the defend-

ant, failing in its duty, had not provided one. The plaintiff is not required to establish the fact beyond a reasonable doubt but by a fair preponderance of evidence. The burden of proof has been sustained "if the evidence considered fairly and impartially, induces in the mind of the trier a reasonable belief that it is more probable than otherwise that the fact in issue is true". **Darrow vs. Fleischner, 117 Conn. 518-520.**

In reply to a question on cross examination of the plaintiff's engineer-expert, Mr. Lynch, as to what would be a sufficient guard he answered "I think you have got the right idea today there now in building that curb." And further along in his testimony he said, "I think that the present barrier would deflect almost any vehicle that were to strike it anything other than a very direct blow."

The angle at which the truck struck the curb was about a 45 per cent angle and the barrier to which the witness referred was a planking raised six inches above the existing curb making a 12-inch high barrier.

It seems a reasonable inference from the evidence, then, that a sufficient guard would have deflected the truck and prevented it from going off the bridge and thus drowning the decedent, and it is so found.

The value of the truck has been agreed upon as $50. Judgment is directed for the plaintiff to recover $10,050. damages of the defendant.