CHARLES J. NITKA, ADMINISTRATOR (ESTATE OF
FRANK LUDWIN) *v.* SOFIA BETLINSKI

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 6—decided November 28, 1950.

*Herbert L. Cohen,* for the appellant (defendant).

*Frank L. Wilder,* with whom, on the brief, was *James E. Kane,* for the appellee (plaintiff).

O'SULLIVAN, J. This action was instituted to foreclose two mortgages given by the defendant as security for loans made to her by the plaintiff's intestate, Frank Ludwin. The defendant admitted the execution of the mortgages but pleaded payment of one loan in full and partial payment of the other. The court decided for the plaintiff on these issues and rendered judgment of foreclosure, from which the defendant has appealed.

The court found the following facts: The defendant's husband and Ludwin were close friends. On February 23, 1934, the defendant borrowed $24,000 from Ludwin and, on April 28, 1936, an additional $14,000. She secured each loan by executing a mortgage on eight parcels of land. The notes evidencing the debt bore interest at 6 per cent. They provided for amortization, that on the first note to begin July 1, 1938, and that on the second, October 1, 1944. The defendant turned the $38,000 over to her husband for use in the operation of a bakery. From time to time

she defaulted in her payments of both principal and interest. Notes which she gave for these arrearages have not been paid. On May 2, 1946, Ludwin reduced the rate of interest to 5 per cent. After crediting all payments on the mortgage notes, there is due thereon the sum of $33,409.72. The sole question raised by the assignment of errors is whether the amount of the debt was correctly fixed.

The case presented many difficulties. Each party submitted documentary proof to support his position. The plaintiff relied on entries made by Ludwin in two memorandum books; the defendant, on thirty-four checks and entries in a book which she kept. The purported accounts of each are informal and crude by the standard of good bookkeeping practice. They are utterly irreconcilable. This is largely due to many entries found in the defendant's book which, she asserted, were based on cash payments. While the court credited her with all items appearing in the intestate's books, some of which undoubtedly represented payments in cash, it was under no obligation to accept other entries found only in the defendant's records. The credibility of books of account, as well as of witnesses, is for the trial court to pass upon. *Radtke* v. *Taylor,* 105 Ore. 559, 588, 210 P. 863; *Katz* v. *Commercial Bank* & *Trust Co.,* 102 Conn. 57, 61, 127 A. 920.

A further difficulty confronted the court. The undisputed evidence disclosed that subsequent to the original mortgage loans the defendant gave to Ludwin five additional promissory notes. One of these may be ignored since it has been paid. Of the other four, the first, dated December 1, 1936, in the amount of $4000, was given as a bonus for the mortgage loans. The second, dated July 20, 1937, was for $3000; the third, dated October 2, 1939, for $5000; and the fourth,

dated July 1, 1942, for $3000. The note of October 2, 1939, represents arrearages in amortization; the other two were given for arrearages of interest. The effect of the financial transactions between the parties was that, although the defendant had received only $38,000 from Ludwin, she had, up to July 1, 1942, delivered to him notes totaling $50,000.

That none of these notes had been paid in full or in part by July 1, 1942, was established by an exhibit purporting to be the last note referred to above. It is on a billhead of the defendant's husband. It is an acknowledgment that on July 1, 1942, she owed Ludwin $3000 for one year's unpaid interest. The handwriting is that of the defendant's daughter, who had been instructed to prepare it for Ludwin. At 6 per cent $3000 capitalizes into $50,000, and $50,000 is the sum total of the two mortgage notes and the three others subsequently given to Ludwin. The court could reasonably have concluded that the mortgage notes had not been reduced up to July, 1942, and that the $5000 note, given for defaults in amortization, was not accepted in payment thereof but, as the finding states, was taken merely as "an acknowledgment of debt."

Once the court reached this conclusion, the difficulties disappeared. The proof was ample to establish that the defendant paid interest on the first loan up to February 23, 1946, and on the second, to October 28, 1945. Furthermore, $10,000 was paid on the mortgage debt on May 2, 1946. Using this data, the court found the debt to be $33,409.72, excluding any amounts which the unsecured notes might indicate are due.

In one respect, however, the court erred. As already pointed out, the note for $5000 dated October 2, 1939, was delivered to Ludwin as an acknowledgment of

defaults in amortizing payments due under the first mortgage loan. Although the defendant paid interest on the full amount of that loan until February 23, 1946, she also made eleven payments, totaling $1650, as interest on the $5000 note. This was the equivalent of double interest. She was entitled to a credit therefor. As the computation is mathematical, we determine the debt on the date of judgment to be $31,259.91, a sum reflecting a reduction of the first mortgage loan by the amount of each payment of interest, when made, on the $5000 note.

There is error, the judgment is set aside and the case is remanded for the entry of judgment fixing the debt as of November 15, 1949, in the amount of $31,259.91, and fixing new law days.

In this opinion the other judges concurred.