CITY OF NORWALK *v.* GAESTANO TROMBETTA

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 3—decided December 5, 1950

*Willard J. Overlock*, with whom, on the brief, was *Robert B. Devine*, corporation counsel, for the appellant (plaintiff).

*Donald H. McGannon*, for the appellee (defendant).

O'SULLIVAN, J.   The plaintiff brought this action under § 2663 of the General Statutes to obtain reimbursement for money paid by it to the state for the partial support of Vincent Trombetta while he was hospitalized in a humane institution.   The court found that Vincent, the defendant's son, was confined in a state hospital for the mentally ill from November 30, 1938, to December 31, 1947, and that the defendant is financially able to reimburse the plaintiff.   It refused to find, however, that the plaintiff had made any payments to the state for Vincent's support.   Judgment was rendered for the defendant and the plaintiff appealed.

One of the assignments of error is addressed to the conclusion, incorporated in the finding, that the plaintiff failed to sustain its burden of proof as to payment by a fair preponderance of the evidence.   This conclusion was not based upon the subordinate facts.   If it had been, our inquiry would be limited to determining whether those facts support it.   *Dexter Yarn Co. v. American Fabrics Co.*, 102 Conn. 529, 540, 129 A. 527.   The conclusion, however, is reviewable, and may successfully be attacked if the record reasonably

discloses that the court applied an erroneous principle of law in evaluating the evidence. *Johnson* v. *Shattuck*, 125 Conn. 60, 62, 3 A. 2d 229; Conn. App. Proc. § 96.

At the trial, the plaintiff sought to establish (1) that it was billed by the state for Vincent's support at each quarter day during the nine-year period of his hospitalization; (2) that the aggregate amount of the billings was $1422.45; and (3) that it paid this sum in full. To prove these facts the plaintiff offered in evidence certain state records. They were admitted after the court found that the entries contained therein were made in the regular course of business and that it was the regular course of business to make such entries. General Statutes § 7903; *Weller* v. *Fish Transport Co.*, 123 Conn. 49, 60, 192 A. 317. These records, from the office of the commissioner of welfare, consist of several ledger sheets. They carry a running account between the plaintiff and the state based upon the former's obligation to the latter for the support of patients committed from Norwalk. Among the debits is one identified in writing as "Vincent Trombetta Adm 11/30/38." Vincent's name is not noted again except in two instances occasioned by his transfer from one institution to another. As explained by the supervisor of state hospital accounts, the absence of subsequent specific charges for Vincent was due to the departmental practice of combining into one entry the uniform quarterly charges for all patients for whom the plaintiff was responsible, and by this method the charge for Vincent's support was incorporated into the consolidated entries. The plaintiff also introduced into evidence the bills it had received from the state from 1943 to 1948. Every bill was in the amount of the consolidated debit entry for the particular quarter and stated that the charge was for a specified number of patients. Each bill,

however, was accompanied by an attached list enumerating the persons for whose support the plaintiff was charged. Vincent's name appeared on all lists but one, and it is obvious from an examination of the exhibit that a part of the list is missing in that instance. The plaintiff further introduced in evidence a large number of its checks which had been forwarded to and cashed by the state in payment of the aforementioned bills.

We cannot add to the finding, as the plaintiff requests, the ultimate fact of payment, predicated on the evidence outlined above. The rule provides that additions may be made only upon the failure of the court to find admitted or undisputed facts. Practice Book § 353. While the defendant offered no evidence on the issue, he has consistently refused to admit that payment was made.

We may, however, refer to the memorandum of decision to ascertain, if possible, the theory impelling the court to ignore records the accuracy and authenticity of which have not been challenged and which would appear to have been worthy of belief and, as such, ample to establish payment by the plaintiff. *Reiley* v. *Healey*, 122 Conn. 64, 72, 187 A. 661. A reason stated in the memorandum for refusing to find payment is that no separate account was kept with respect to the plaintiff's liability to the state for Vincent's support. In subjecting the plaintiff to a limited method of proof, the court imposed a standard not in conformity with law. See *Darrow* v. *Fleischner*, 117 Conn. 518, 520, 169 A. 197. The plaintiff was as much entitled to prove payment through the means it adopted as through a separate account, if one had been available. On their face, the entries in the state records and the bills based thereon purported to be a consolidation of uniform charges for a specified number of patients. In and of themselves, the entries and bills could com-

mand no weight. But in the light of the explanation given by the supervisor of accounts and of the lists attached to the bills, they presented evidence which the court should have considered. We are not to be understood as stating that they prove payment. The credit to be extended to any records or papers of this nature is for the court to determine. *Nitka* v. *Betlinski*, 137 Conn. 314, 316, 77 A. 2d 89. We go no further than to hold that the trier erred in concluding that payment could be established only through a separate ledger account.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.