AMERICAN FINANCE CORPORATION *v.* BAUER C. WEBB ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 17-615-297

Argued November 17, 1961—decided April 2, 1962

*Howard R. Steeg,* of Bristol, for the appellant (plaintiff).

*Robert E. Mellon,* of Waterbury, for the appellee (defendant).

ALEXANDER, J.   The appellees have filed a motion to dismiss this appeal because no finding was requested or made, and for the further reason that there is no error apparent on the face of the record. It is true that there is no finding.   However, the first assignment of error can be resolved by resort to the record alone and without the necessity of a finding. In such a case, a finding is not necessary.   Cir. Ct. Rule 7.13.1.   Accordingly, the motion to dismiss the appeal is denied.

The first assignment of error is based on the court's conclusion that the note sued upon should have been produced in evidence at the trial.   The appellant argues that the execution of the note was admitted in the pleadings.   However, there was no allegation by the plaintiff, nor any admission by defendants, that plaintiff was the holder or possessor of the instrument.   The trial court's memorandum of decision discusses the issue of the necessity of producing the note.   The ruling on the issue thus becomes a part of the record on appeal.   Cir. Ct. Rule 7.30.1.

General Statutes § 39-52, a section of the Negotiable Instruments Act in force when the trial of this case took place, provided that "[t]he holder of a negotiable instrument may sue thereon in his own name." There was, however, no express statutory provision prescribing the physical production of the document, nor had this precise question been considered in this jurisdiction. However, the majority view in this country requires the production of the note. The rule is stated in 8 Am. Jur. 668, § 1121, as follows: "Where a note sued on is in the possession of the plaintiff, he must produce it, as it is the best evidence." As stated in footnote 11 thereof, "[i]ts production is generally required for the security of the defendant and not from any rule of evidence which would prevent the introduction of evidence of indebtedness without the production of the note," citing *Wyman* v. *Rae*, 11 Gill & Johns. 416, 425 (Md.). Nonproduction, however, is excused where by reason of the facts and circumstances production by the plaintiff is prevented, as where the instrument has been lost. *West Philadelphia National Bank* v. *Field*, 143 Pa. 473, 477; 8 Am. Jur. 668 § 1121. We feel that the rule requiring production of the note is salutary in that it protects the defendant against the possible negotiation of the note to a bona fide purchaser for value. It is significant that the Uniform Commercial Code, which did not become effective until October 1, 1961, calls for the filing of a bond to protect a defendant in cases where the original instrument has become lost. General Statutes § 42a-3-804.

The complaint does not contain an allegation that plaintiff was the holder of the note, nor was this matter incorporated in the pleadings by way of affirmative defense or otherwise. So far as appears from an examination of the transcript of the evidence, there was no testimony produced on this

question. Consequently, plaintiff was unaware that this issue was to be a basis for deciding the case and was not alerted to the danger to which its cause of action was subject. "It is fundamental in proper judicial administration that no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue." *Osterlund* v. *State*, 129 Conn. 591, 596. We therefore feel that plaintiff should be allowed an opportunity to prove that it is the holder of the note. See Maltbie, Conn. App. Proc. § 349.

The conclusion which we here reach affects only the case against the defendant Thelma B. Webb. As to the defendant Bauer C. Webb, the judgment must stand, because the trial court has sustained his special defense that the note in question was discharged in bankruptcy. Error has been assigned in the court's conclusion on this issue. Essentially, error is claimed in the court's failure to find certain facts and "in failing, on the evidence produced, to find for the plaintiff." The short answer to these claims is that it is for the trial court to judge the credibility of the witnesses and the weight to be accorded their testimony. *Katz* v. *Commercial Bank & Trust Co.*, 102 Conn. 57, 61; *Morgan* v. *Hill*, 139 Conn. 159, 161. Furthermore, in order to probe the trial court's reasoning on this issue, a finding of facts is necessary. Cir. Ct. Rule 7.13.1; Maltbie, Conn. App. Proc. § 126.

There is error as to the defendant Thelma B. Webb only, and as to her the judgment is set aside and a new trial is ordered; there is no error as to the defendant Bauer C. Webb.

In this opinion WRIGHT and REINHARD, Js., concurred.