UNITED ELECTRIC SUPPLY COMPANY, INC. *v.* GOLDBERG & PARHAM, INC., ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1306

Argued October 21, 1982—decided June 24, 1983

*Eugene C. Cushman,* for the appellant (plaintiff).

*Terrence J. Molinari,* for the appellee (defendant Mutual Construction Company, Inc.).

CIOFFI, J. This is an appeal by the plaintiff from a judgment rendered in favor of the defendant Mutual Construction Company, Inc. (Mutual). The relevant facts are as follows: The plaintiff United Electric Supply Company, Inc. (United Electric), is a wholesale electric supply company. The defendant Goldberg & Parham, Inc. (Goldberg), was an electrical subcontractor on a project known as the Boston Avenue Industrial Park Project (Boston Avenue Project). In connection therewith, it sought to purchase supplies in December, 1977, from United Electric. United Electric refused, however, to supply it with any materials on credit unless Mutual, the Boston Avenue Project general contractor, would guarantee payment. Mutual agreed, in a December 20, 1977 letter, to be Goldberg's surety, but only for materials used in the Boston Avenue Project.[1]

---

[1] The December 20, 1977 letter reads in relevant part as follows:

"Goldberg and Parham are our subcontractors on the tax free Boston Avenue Industrial Park.

"Please establish an account with them *for this project.* We assume responsibility for paying for *materials for this project only* if the following procedure is followed:

Upon receipt of the written guarantee, United Electric established an account for Goldberg. Goldberg's agents or employees thereafter purchased electrical supplies and took delivery of them at United Electric. United Electric billed Mutual for them at the end of each month pursuant to the payment procedure established in the surety agreement. Mutual honored the invoices and made $55,000 in payments between December, 1977, and December, 1978. By the end of November, 1978, however, Goldberg had ceased its work on the Boston Avenue Project. It, nevertheless, purchased further electrical supplies on credit totalling $2933.90 from United Electric between November 28 and December 8, 1978. Mutual refused to pay for these goods, claiming that they were not used on the Boston Avenue Project and were, therefore, outside the scope of the surety agreement. United Electric thereafter brought suit against Goldberg and Mutual.

After trial, the court rendered a judgment for the plaintiff against Goldberg. As to Mutual, the trial court held that the plaintiff failed to sustain its burden of proving that the materials were for the Boston Avenue Project.[2] The issues raised by this appeal are whether the court erred: (1) by holding that the plaintiff failed to sustain its burden of proving that the materials in question were for the Boston Avenue Project; (2) in rejecting the plaintiff's assertion that the transfer of any supplies to Goldberg was tantamount to delivering them for the Boston Avenue Project; or (3) by failing

"Duplicate monthly invoices must be submitted to our office when issued. We will issue joint checks to you and Goldberg & Parham.

"In no case will we assume responsibility for a monthly invoice in excess of $5,000.00 without prior discussion and approval by our office at the time of purchase . . . ." (Emphasis added.)

[2] From the preliminary statement of issues, the counter-statement of issues and the briefs submitted to this court, it is obvious that there was a major disagreement between the parties as to the interpretation of the trial court's memorandum of decision. This disagreement continued to manifest itself during oral argument before this court. In such cases it is incum-

to find that Mutual failed to ensure adequately that the materials delivered to Goldberg would reach the Boston Avenue Project.

As to the first issue, an appellate court will not seek to weigh the evidence to determine whether it is sufficient to meet the burden of proof. 5A C.J.S. 446–47, Appeal and Error § 1656 (2). The trial court's conclusion that the plaintiff failed to sustain its burden of proof is not reviewable upon the subordinate facts. Maltbie, Conn. App. Proc. § 165; See *Norwalk* v. *Trombetta,* 137 Conn. 318, 319, 77 A.2d 77 (1950). It is reviewable and may be successfully attacked if the record reasonably discloses that the court applied an erroneous principle of law in evaluating that evidence or based its conclusion on matters not properly in evidence. *Velsmid* v. *Nelson,* 175 Conn. 221, 224, 397 A.2d 113 (1978). That is not the case here.

Additionally, the plaintiff contends that it was not required to prove that Goldberg represented the goods were for the Boston Avenue Project because Mutual implicitly approved a course of conduct whereby the sale of electrical supplies for the Boston Avenue Project was completed when Goldberg received them at United Electric.[3] It urges, therefore, that the transfer of any supplies to Goldberg at United Electric was tantamount to delivering them for the Boston Avenue Project. By ruling that the plaintiff failed to sustain its burden of proving that Goldberg represented that the goods were for the Boston Avenue Project, the court by implication rejected this argument. Since the plaintiff's position as to this issue also rests upon the

bent upon the parties to request the trial court to rectify its memorandum of decision by articulating the factual basis thereof. Practice Book §§ 3082, 3108; *Fitzgerald* v. *Fitzgerald,* 190 Conn. 26, 32n, 459 A.2d 498 (1983); *Dubicki* v. *Dubicki,* 186 Conn. 709, 715n, 443 A.2d 1268 (1982); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 222n, 435 A.2d 24 (1980).

[3] This claim by United Electric is interwoven with an assertion that Goldberg was the agent of Mutual.

court's finding certain subordinate facts which it did not find, and since the court did not apply an erroneous principle of law in evaluating the evidence as it relates to this issue, we find this claim to be without merit. See *Simmons* v. *Addis,* 141 Conn. 738, 741, 110 A.2d 457 (1954).

Finally, the claim that Mutual failed to ensure adequately that the materials delivered to Goldberg would reach the Boston Avenue Project is also without merit. Whether Mutual had a duty to ensure that all materials delivered to Goldberg were for and would reach the Boston Avenue Project is to be determined by the surety contract. Contracts are to be construed by what is fairly to be presumed to have been the understanding and intent of the parties as manifested by their words and acts. *Hydro-Hercules Corporation* v. *Gary Excavating, Inc.,* 166 Conn. 647, 652–53, 353 A.2d 714 (1974); *Finnucan* v. *Christian Feigenspan Corporation,* 81 Conn. 378, 381, 71 A. 497 (1908). In this case the surety contract itself is devoid of any indication that Mutual gave such assurance to United Electric. As to any action of Mutual which the plaintiff claims leads to such an inference, once again, this would be based upon the trial court finding certain subordinate facts which in this case it was not obligated to do.

There is no error.

In this opinion DALY and COVELLO, Js., concurred.