BEVERLY CASTELLANI *v.* PETER CRISCUOLO, JR.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 1113

Argued June 29—decided September 23, 1983

*Michael A. Arcari,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (state).

*George H. Charlesworth, Jr.,* for the appellee (defendant).

DALY, J. This is an appeal from a paternity action in which a jury found the defendant to be the father of a child, Jason, born to the plaintiff on October 16, 1972.[2] After the trial, the state intervened and sought reimbursement from the defendant, pursuant to General Statutes § 46b-171,[3] for amounts paid for the support and maintenance of the child ($3389.53) and of the plaintiff ($5007.84) from April 8, 1974, to October 31, 1980, pursuant to the Aid to Families with Dependent Children (AFDC) program. General Statutes §§ 17-84 through 17-107. The court ordered the defendant to pay

---

[2] See *Castellani* v. *Criscuolo,* 36 Conn. Sup. 501, 409 A.2d 1040 (1979), for a more elaborate factual background of the underlying paternity proceedings.

[3] Formerly General Statutes (Rev. to 1977) § 52-442.

the sum of $3389.53, representing the amount expended for support of the child, but declined to order reimbursement for the sums paid on account of the support of the mother. From this judgment, the state, as derivative plaintiff, has appealed.

The question raised is whether there was an adequate factual basis in the record for the conclusions reached by the trial court and whether payments of AFDC benefits to a mother for her own support create a presumption that such payments were also necessary for the proper maintenance of the child.

In its memorandum of decision, the trial court stated: "The determination by the state that [the plaintiff] was eligible for AFDC would not satisfy [the state's] burden of proof that support for the mother was necessary for the maintenance of the child. There are many mothers who work and are able to support themselves while the child is between the ages of 1-½ to 8 years of age. Furthermore, there was evidence that the plaintiff-mother was eligible for Social Security benefits, that she received these benefits for a period of time, and that she voluntarily terminated the same. Accordingly, the court finds that the state has failed to sustain its burden of proof that it is entitled to reimbursement for sums advanced for the support of the mother during the aforesaid periods."

A conclusion that the plaintiff failed to sustain its burden of proof is reviewable and may be successfully attacked if the record reasonably discloses that the court relied on matters not in evidence or not properly in evidence as a basis for its conclusion. *Velsmid* v. *Nelson,* 175 Conn. 221, 224, 397 A.2d 113 (1978); *Norwalk* v. *Trombetta,* 137 Conn. 318, 319–20, 77 A.2d 77 (1950); *United Electric Supply Co., Inc.* v. *Goldberg & Parham, Inc.,* 39 Conn. Sup. 412, 415, 466 A.2d 6 (1983).

Our examination of the transcript and the record before us discloses nothing which supports the court's findings as to the ability of mothers with young children to support themselves or the reasons for the termination of the plaintiff's Social Security benefits. Therefore, a conclusion that the state failed to sustain its burden of proof for those reasons, may not stand. Moreover, we disagree with the trial court's conclusion that "[t]he determination by the state that [the plaintiff] was eligible for AFDC would not satisfy [the state's] burden of proof that support for the mother was necessary for the maintenance of the child."

In *Rodriguez* v. *Vowell,* 472 F.2d 622, 624–25 (5th Cir. 1973), the Court of Appeals for the Fifth Circuit, considering a claim of eligibility under the federal AFDC program; 42 U.S.C. §§ 601 through 610; stated that "[t]he plain language of the Social Security Act, its legislative history, and the relevant decisional precedent make clear that the needs of the caretaker relative, as well as those of the dependent child, are to be considered in deciding if a family is eligible for an AFDC grant. Recognizing the inseparability of the needs of the child from the needs of the relative with whom the child is living, § 401 of the Act [42 U.S.C. § 601] emphasizes that the purpose of the AFDC program is to help the child by preserving and strengthening the family entity. Congress appreciated that granting aid to the dependent child alone would not fully meet the child's need for care and therefore required that the caretaker be a relative of a specified degree so that the caretaker would have a natural concern for the child's welfare. Furthermore, as the benefits which flow from living at home rather than in an institution were deemed important, the relative was required to care for the child in the relative's own home, 42 U.S.C.A. § 606 (a); and, as a condition of approval of a State plan, Congress provided in § 402 (a) (7) that 'the State agency

shall, in determining need, take into consideration any . . . income and resources of any child or relative claiming aid to families with dependent children. . . .' 42 U.S.C.A. § 602 (a) (7). Thus, in measuring need, the need of the family unit is the question, not the need of the child alone; for the goal of strengthening the family entity can only be achieved if the needs of the caretaker relative are included in determining eligibility. Accordingly, § 406 (b) of the Act explicitly provides that 'aid to families with dependent children' includes assistance to meet the needs of the caretaker relative: '(b) The term "aid to families with dependent children" means money payments with respect to, or . . . medical care recognized in behalf of or any type of remedial care recognized under State law in behalf of, a dependent child or dependent children, and includes (1) money payments or remedial care recognized under State law to meet the needs of the relative with whom any dependent child is living. . . .' 42 U.S.C.A. § 606 (b)."

Thus, we conclude that the fact that the plaintiff was found to be eligible for AFDC benefits, in and of itself, created a presumption that her support was necessary for the proper maintenance of her child.

It is well recognized that the words "support and maintenance," as employed in § 46b-171[4] encompass support for the caretaker mother as well as support for the child when such support is necessary for the proper maintenance of the child and the welfare of the child is potentially endangered by the mother's inability

---

[4] "[General Statutes] Sec. 46b-171. (Formerly Sec. 52-442). JUDGMENT AND ORDER OF COURT. If the defendant is found guilty, the court shall order him to stand charged with the support and maintenance of such child, with the assistance of the mother if she is financially able, and to pay a certain sum weekly until the child attains the age of eighteen years; and the court shall ascertain the expense of lying-in and of support and maintenance of the child until the time of rendering judgment, and order him to pay the amount thereof to the complainant, or, if a town or the state has paid such expense, to the town or the state, as the case may be . . . ."

to support herself. *Faraday* v. *Dube,* 175 Conn. 438, 444, 399 A.2d 1262 (1978); see *Peterson* v. *Norton,* 395 F. Sup. 1351, 1353 (D. Conn. 1975). Accordingly, unless the defendant can rebut the presumption that the AFDC benefits paid to the plaintiff were necessary for the proper care and maintenance of the child, he is liable as well for those amounts.

There is error, the judgment is set aside and the case is remanded to the trial court for further proceedings in accordance with this opinion.

In this opinion BIELUCH and COVELLO, Js., concurred.