[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought suit against the decedent's estate on the grounds of 1) an oral contract and 2) unjust enrichment. A third ground for services rendered has been withdrawn. The facts are that the plaintiff who spent most of his working years in various cities and towns of southeastern New York State met Gloria Beck the deceased in 1973, as a result of their mutual interest in dogs. Then she was 47 years old and he was 20. Thereafter they kept in touch by telephone and some visits and became close friends. In 1984 he gave her a dog named Bijou which she treasured very much. This the plaintiff claims is regarded in the dog world as a "bonding", however no other proof was offered of this result. The deceased operated a kennel and the plaintiff had a great interest in dogs which contributed to their closeness. In April 1987 the plaintiff moved to Florida where his job took him. He remained there from April to December when he agreed to move in with Gloria Beck in her house, on West Wilton Road, Ridgefield. He moved in with her at her request because she missed him and he was the only person in her life according to him. She was a combination aunt and big sister to him and to her she was his mother. At the time the plaintiff left Florida he quit his job with Genoa Industries or Gendick Industries by whom he had been employed for a long time including the New York State area. However even after he agreed to return to Ridgefield to live with the decedent he remained in Florida until August 1988 and worked as a waiter. On August 10, 1988 he arrived at Beck's home with his dog and cat. He describes their relationship as that of a family. He was not working for her but as a salesman for his sister in the apparel industry. The only expenses he paid while residing there was for his own phone. His claim is that he offered her companionship and advice and provided whatever she needed mentally in the ordinary course of their living together. He understood that he lived with her to provide companionship and care, and not specific services. There was never any conversation of services to be performed or any rate of compensation. He provided help on such things as the color of rugs, gifts for friends and how to operate the kennel. There was never a writing of any kind and the plaintiff's claims are based on an oral contract for him to provide companionship care and advice for which she promised to permit him to live at the CT Page 7825 house as long as he desired and she would leave him the house in her will. During the time he lived with the decedent he was working daily for his sister as the court has pointed out. In 1985 before the plaintiff moved in with the decedent she told her attorney that she was considering leaving the plaintiff $10,000 and the dog Bijou. In fact she never left him anything by will or in any other fashion. At the time she spoke with her attorney she was considering changing her will however, she never did. Gloria Beck died February 21, 1990. The agreement between Gloria Beck and the plaintiff, if any, is claimed to have been oral and was never reduced to writing. The plaintiff says that the statement was made to the effect that if anything happens to me the house is yours. At no time did she state that the gift of the house was for care and companionship, which the plaintiff claims was agreed upon when he was in Florida and caused him to move in with her. The length of time he remained in Florida from December 1987 when he claims the promise was made, until August 10, 1988 some eight months approximately, indicates that there was no offer and acceptance. He even changed his job as an apparel salesman to that of waiter during that period which indicates that he was not coming to Ridgefield but was looking for another career. It is not clear that if an offer was made in December 1987 that it was a continuing one, or that it was in existence when he moved into the Beck home. The court has difficulty with the plaintiff's testimony and finds that he lacks credibility. The court is left therefore with no proof of an offer and acceptance between Gloria Beck and the plaintiff. In Connecticut, in order to recover on a claim arising out of alleged services rendered to a decedent, the plaintiff must prove his case by "clear and satisfactory proof" Ubysz v. DiPietro, 185 Conn. 47, 58. "A claim for compensation for service from the estate of a decedent over and above that already received should be carefully examined by the trier. It should be established only upon clear and satisfactory proof that the services were rendered under a mutual understanding and agreement, or under circumstances that clearly and satisfactorily demonstrated, that they were to be paid for in the manner claimed. . . . The reason for this rule is that the living claimant is in a position of great advantage because of the death of the other party to the transaction and some check must be provided against the possibility of imposition and fraud" Graybill v. Plant, 138 Conn. 399, 400.
Dacey v. Connecticut Bar Association 170 Conn. 520, 536-538
 The phrase "clear and convincing proof" denotes a degree of belief that lies between the belief that is required to find the truth or existence of the issuable fact in an ordinary civil action and the belief that is CT Page 7826 required to find guilt in a criminal prosecution. One court has suggested that "clear and convincing proof" is "strong, positive, free from doubt," and "full, clear and decisive." Stone v. Essex County Newspapers, Inc., supra. Those phrases tend to distinguish the applicable burden of persuasion from others but they also tend to focus on the nature of the evidence rather than on the trier's state of mind. For this reason the burden of persuasion should be phrased in a manner similar to the way in which the burden for an ordinary civil action was expressed in Darrow v. Fleischner, 117 Conn. 518, 520, 169 A. 197. The burden of persuasion, therefore, in those cases requiring a showing of clear and convincing proof is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist. See Morgan, Some Problems of Proof Under the Anglo-American System of Litigation, 84-85; McBain, Burden of Proof: Degrees of Belief," 32 Cal. L. Rev 242, 246, 263-64; Morgan, Instructing the Jury Upon Presumptions and Burden of Proof," 47 Harv. L. Rev. 59, 66.
It is evident that the clear and convincing evidence required in this case is not present herein, and in fact since the court does not accept the plaintiff's evidence as credible there is no proof of any degree of an oral contract.
Without proof of a contract the plaintiff's third count based on unjust enrichment cannot succeed.
Cecio Bros., Inc. v. Greenwich 156 Conn. 564-565
 The doctrine of unjust enrichment has been described as a doctrine "which is so broad as to include almost any case in which unfair dealing appears and so vague as to give no help in solving cases as they arise." 3 Page, Contracts 2d Ed.) 1503, p. 2567' see Fischer v. Kennedy, 106 Conn. 484, 498 (dis.), 138 A. 503. it applies "wherever justice requires compensation to be given for property or services rendered under a contract, and no CT Page 7827 remedy is available by an action on the contract." 5 Williston, contracts (Rev. Ed.) 1479. "A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. Franks v. Lockwood, 146 Conn. 273, 278, 150 A.2d 215; Schleicher v. Schleicher, 120 Conn. 528, 534, 182 A. 162. "Connecticut National Bank v. Chapman, 153 Conn. 393, 399, 216 A.2d 814. With no other test under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed to examine the circumstances and the conduct of the parties and apply this standard.
The plaintiff has failed to comply with the requirements of unjust enrichment.
Judgment may enter for the defendant together with costs.
IRVING LEVINE STATE TRIAL REFEREE