[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Pursuant to Connecticut General Statutes § 4-183, the plaintiff; Glen Fahey, appeals from the final decision of a hearing officer of the Department of Social Services ("DSS"), upholding the authority of the Department of Administrative Services, Bureau of Collection Services ("DAS") in placing a lien, pursuant to General Statutes §§ 176-93 and 176-94, against the proceeds of the plaintiff's lawsuit brought in Superior Court.
On June 27, 1999, the plaintiff requested a hearing regarding the placement of a lien by DAS. (Return of Record, ("ROR") p. 28.) On September 20, 1999, an evidentiary hearing was conducted. (ROR, pp. 35, et seq.) At the hearing, witnesses provided sworn testimony and numerous exhibits were introduced as evidence. Id. The fair hearing officer issued a written decision dated October 12, 1999 denying the appeal. (ROR, pp. 1, et seq.) Following the issuance of the decision, the plaintiff commenced the instant appeal in Superior Court.
On February 22, 2000, the plaintiff filed a motion with the court seeking remand of the fair hearing officer's October 12, 1999 decision. The plaintiff; through the motion, sought clarification of several factual findings. The Court (Cohn, J.), following a hearing on the motion, remanded the decision to address the numerous issues raised by the plaintiff's motion. Thereafter the court granted DSS's motion to substitute an amended decision dated May 2, 2000. CT Page 2679
The fair hearing officer, in the May 22, 2000 decision, made numerous findings of fact and conclusions of law, which may be summarized as follows:
 1. The Appellant is the father and legally liable relative of KF[1] (DOB 3/15/91) and RF (DOB 11/29/94). (Appellant's testimony).
 2. The Appellant's daughter, KF (DOB 3/15/91) received AFDC/TFA assistance for the period September 26, 1991 through January 31, 1996 under AU #005997658, with J. M. as the caretaker relative. (Notice of Lien; Statement of Assistance; Hearing Summary).
 3. The total amount in AFDC/TFA assistance received by, or paid on behalf of KF under AU #005997658 for the period September 26, 1991 through January 31, 1996 was $9,190.00. (Statement of Assistance; Hearing Summary.)
 4. The total reimbursements made by the Appellant under AU #005997658 for the period September 26, 1991 through April 16, 1999 were $3,482.25 (Statement of Assistance; Hearing Summary).
 5. The total amount in AFDC/TFA assistance paid to, and on behalf of KF, after reimbursements, is $5,707.75 ($9,190.00 total AFDC/TFA assistance, minus $3,482.50[2], total reimbursements). (See Facts # 3 4; Statement of Assistance; Hearing Summary).
 6. The Appellant's daughter RF (DOB 11/29/94) received AFDC/TFA assistance for the period June 18, 1996 through march 31, 1998 under AU #0069 12437, with C. M. as the caretaker relative. (Statement of Assistance; Hearing Summary).
 7. The total amount in AFDC/TFA assistance received by, or paid on behalf of RF under AU #006912437 for the period June 18, 1996 through March 31, 1998 was $12,847.55. (Statement of Assistance; Hearing Summary).
 8. The total reimbursements made by the Appellant CT Page 2680 under AU #0069 12437 for the period June 18, 1996 through April 16, 1999 were $6,065.47. (Statement of Assistance; Hearing Summary).
 9. The total amount in AFDC/TFA assistance paid to, and on behalf of RF, after reimbursements, is $6,782.08 ($12,847.55 total AFDC/TFA assistance, minus $6,065.47, total reimbursements). (See Facts #7 8; Statement of Assistance; Hearing Summary).
 10. Total amount of AFDC/TFA assistance paid to, and on behalf of; the Appellant's two children, after reimbursements, is $12,489.83 as of April 16, 1999, ($5,707.75 for K, plus $6,782.08 for R). (See Facts # 5 8; Statement of Assistance; Hearing Summary).
 11. The Appellant has a pending cause of action, docket #97HHD0567833. (Hearing Summary).
 12. On May 7, 1999, the BCS notified the Appellant that it was placing a lien on his cause of action pursuant to § 17b-93 and § 17b-94 in the amount of $12,489.83. (Notice of Lien dated 05/07/99; Hearing Summary).
 13. The amount of the lien does not include non-reimbursable payments and/or assistance given to or paid on behalf of the Appellant's two children. (Notice of Lien dated 05/07/99; Statement of Assistance; Hearing Summary).
Based upon these findings, the fair hearing officer concluded that General Statutes §§ 17b-93 and 17b-94 require a parent to reimburse the state for benefits received and to allow a lien to be placed against any cause of action coming into existence.
The hearing officer further concluded that the plaintiff was the father of the two beneficiary children; he was liable for reimbursement to DSS; and, the state could place a lien, under the terms of General Statutes § 17b-94, the lesser of fifty percent after the proceeds of his cause of action or $12,489.83.
In this appeal the plaintiff challenges the fair hearing officer's decision on numerous grounds. He also seeks to add to the record numerous CT Page 2681 documents which have been appended to his brief. Because the plaintiff's lawsuit is affected by a lien of the state, aggrievement is found.
 I. STANDARD OF JUDICIAL REVIEW
This court must review the agency's decision under the standards set forth in Salmon v. Department of Public Health and Addiction Services,58 Conn. App. 642, 660-661 (2000), cert granted on other grounds,254 Conn. 926 (2000).
"We begin our analysis by noting that our review of an agency's factual determination is constrained by the [UAPA]. Specifically, General Statutes § 4-183(j)(5) mandates that a court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decision are. clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. . . . We have interpreted the standard of review set forth in the act as limiting our review such that [w]ith regard to questions of fact, it is neither the function of the trial court nor of this court to retry the case or substitute its judgment for that of the administrative agency. . . . An agency's factual determination must be sustained if it is reasonably supported by substantial evidence in the record taken as a whole. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. This substantial evidence standard is highly deferential and permits less judicial scrutiny than a clearly erroneous or weight of the evidence standard of review. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, we cannot disturb the conclusion reached by him. . . ." (Citations omitted; internal quotation marks omitted.)
 II. PLAINTIFF'S ATTEMPT TO SUPPLEMENT THE RECORD
The plaintiff has appended to his October 13, 2000 brief Exhibits A-H which are not part of the administrative record. The defendant objects to this attempt to supplement the record.
General Statutes § 4-183(h) provides in relevant part:
 If, before the date set for hearing on the merits of an appeal, application is made to the court for leave CT Page 2682 to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court.
"An appeal from an administrative tribunal should ordinarily be determined upon the record of that tribunal and only when that record fails to present the hearing in a manner sufficient for the determination of the merits of the appeal, or when some extraordinary reason requires it, should the court hear evidence. . . . The question whether additional testimony should be taken by the court calls for an exercise of the court's legal discretion. . . . Before ordering that additional evidence be taken pursuant to § 4-183(h), a court must (1) determine that the additional evidence is material and (2) that there is good reason for the failure to present the evidence in the original proceeding." (Internal quotation marks omitted.) Salmon v. Department of Public Health andAddiction Services, supra, 642. 58 Conn. App. 642, 664.
The court finds that based upon the entire record before it, the plaintiff has failed to demonstrate that the additional proposed evidence is material and there was good reason for the failure of the plaintiff to present it at the administrative hearing. Accordingly, it will not be considered.
 III. CLAIMS OF ERROR
First, the plaintiff challenges the sufficiency of the evidence relied upon by the fair hearing officer. The record contains evidence that the plaintiff is the biological father of the two children and that they were the recipients of state assistance — AFDC and TFA benefits. Pursuant to General Statutes § 17b-93, the plaintiff is liable to repay the State of Connecticut. The plaintiff has a pending monetary settlement of a civil action. Connecticut General Statutes § 17b-94
permits the state to place a lien upon proceeds of the civil action. The hearing officer, in calculating the debt applied the appropriate credits. The record contains substantial evidence upon which the fair hearing officer could conclude that the amount due from the proceeds of the lawsuit are the lesser of fifty percent of the net proceeds or $12,489.83.
Second, the plaintiff argues that he is not required to pay the entire public assistance debt because their biological mothers have a co-existing obligation to contribute to the children's support. In this regard, he CT Page 2683 also apparently contends that a portion of the AFDC/AFT assistance paid for the children also benefits the mothers. He argues that he has no obligation to support the mothers and, therefore, no obligation to repay. The plaintiff suggests that DSS collect from the mothers in lieu of seeking payment from him and placing the lien on his cause of action. General Statutes §§ 17b-93 and 17b-94 provide, however, that both parents are jointly liable to reimburse the state. Peterson v. Norton,395 F. Sup. 1351 (D.Conn. 1975); Cross v. Wilson, 35 Conn. Sup. 628, 633
(1978); Colavolpe v. Department of Social Services, Superior Court, judicial district of New Haven, Docket No. 389003 (May 21, 1997,Maloney, J.) It is obvious to this court that both biological parents are responsible for the care of their children and both hold a duty to repay. The fact that the mothers may have benefitted from the assistance does not affect the plaintiff's obligation. "[T]he fact that the [mothers were] found to be eligible for AFDC benefits, in and of itself; created a presumption that [their] support was necessary for the proper maintenance of her child . . . unless the [plaintiff] can rebut the presumption that the AFDC benefits paid to the [mother] were necessary for the proper care and of the child, he is liable as well for these amounts." (Internal quotation marks omitted.) Castellani v. Criscuolo, 39 Conn. Sup. 485,489-90, (1983). The record presented does not rebut that presumption.[3]
Finally, the plaintiff appears to argue that compliance with other child support orders prevents the placement of the state lien. In Statev. Wellington, 34 Conn. Sup. 628, 631 (1977), the court, faced with a similar issue, found that: "[There is no] conflict with the divorce decree in allowing the state to pursue its claim for reimbursement of sums paid for support of the dependent children of the defendant in excess of the amount he was ordered to pay for their support." That case emphasizes the point that the amount of support as determined by the divorce court is not always the amount needed for the child's welfare as determined by DSS.[4]
In State v. Julian, Superior Court, judicial district of Waterbury, Docket No. 067863 (May 24, 1984, Stoughton, J.), the court held that a support order and the granting of DSS benefits were entirely separate issues. Therefore, a court order regarding child support does not absolve the plaintiff from the public assistance debts.
 IV. CONCLUSION
Based upon the administrative record, the court finds that DSS and DAS are entitled to reimbursement from the plaintiff and, accordingly, the lien against the pending lawsuit is valid. The agency's decision is affirmed and the plaintiff's administrative appeal is hereby dismissed. CT Page 2684
BY THE COURT
PETER EMMETT WIESE, JUDGE