[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 PROCEDURAL HISTORY
The plaintiff in the above entitled matter, Andrew Rajcok, filed a one count complaint, dated December 7, 1999, against the defendant, Stop 
Shop Companies, Inc., in which he alleges four specifications of negligence related to his claim that one of the defendant's employees hit him with a bakery hand truck and thereby injured him. The defendant filed an answer and special defense, dated August 2, 2001, in which it denies the plaintiff's allegations and claims by way of special defense that the plaintiff negligently caused his own injuries. The plaintiff denies the defendant's special defense in a replay dated August 6, 2001.
The case was tried to the court on May 16 and May 17, 2001. The court, having heard the sworn testimony and having reviewed the exhibits admitted into evidence, hereby find in favor of the defendant and against the plaintiff. The plaintiff has failed to prove any of the specifications of negligence alleged in the complaint.
 FACTS
The court finds the following facts based on the credible evidence offered at trial. In the late afternoon on December 14, 1997, the plaintiff went to the defendant' s store, located on Newtown Road in Danbury to do some grocery shopping. At the time of the incident, the plaintiff was 61 years of age and in poor physical health. Specifically, he was suffering the effects of a traumatic brain injury; he was diagnosed as having Chronic Fatigue Syndrome, Lyme Disease and a possible stroke; he had problems maintaining his balance and was experiencing weakness on the left side of his body; and the plaintiff's vision was so bad that he had retired from his secretarial position at Western Connecticut State College on a disability pension. In addition to being physically ill at the time of the accident, the plaintiff was mildly depressed and had difficulty focusing his attention on ordinary tasks.
While in the pet food aisle, the plaintiff collected cans of cat food CT Page 9520 and a ten pound bag of birdseed in a handbasket and carried the basket to the adjacent bakery shop area. The lighting conditions in the store were good and there is no evidence that the tile floor was dirty or wet. At the time the plaintiff entered the bakery shop, the defendant's employee, Maria Freitas,[1] was removing rolls from a metal hand truck and placing them inside one of the bins which were part of a bakery display fixture. The hand truck was approximately 5 to 6 feet tall, had four wheels and twelve removable trays separated by space at either end and on the sides. When Freitas finished restocking the bin, she grasped a handle on the hand truck near the end where she was standing and pulled it forward in order to replenish another bin. As she did so, she felt the plaintiff "bump" it from the opposite end and turned to see him lying on the floor next to another bakery display fixture close to that end of the hand truck. He appeared to be in pain, was dazed and had part of his broken bridgework in one of his hands.
The store manager, Greg Johnston, responded to the scene, helped the plaintiff into a chair and offered to summon an ambulance to take him to Danbury Hospital. The plaintiff told Johnston that he had tripped on the "bakery rack", did not need an ambulance and proceeded to purchase the items in his handbasket. He then left the store and drove himself to Danbury Hospital Emergency Room where he was treated for a back sprain and prescribed pain medication for his dental injury. While receiving treatment, the plaintiff told the emergency room personnel that he was hurt at the grocery store when he tripped and fell.
 LAW
The essential elements of a cause of action in negligence are well established: duty to use reasonable care; breach of that duty; causation; and actual injury. Catz v. Rubenstein, 201 Conn. 39 (1986). Common law negligence is the failure to use reasonable care under the circumstances. Reasonable care is the care that a reasonably prudent person would use in the same circumstances. Hoelter v. Mohawk Service,Inc., 170 Conn. 495, 501 (1976). In an ordinary civil case, such as this one, the party making a claim has the obligation to prove the elements by a preponderance of the evidence. Darrow v. Fleischner, 117 Conn. 518
(1933). In the present case, the court assumes that the defendant owed a duty of reasonable care to the plaintiff under the circumstances, but finds that the plaintiff has failed to prove by a preponderance of the evidence that the defendant, through its employee, Freitas, breached its duty to exercise reasonable care. The credible evidence establishes that Freitas did not push the hand truck into the plaintiff's body. To the contrary, the credible evidence shows that the plaintiff, a physically ill person with poor eyesight, hurt himself when he tripped and fell into the defendant's hand truck while it was being pulled away from him by the CT Page 9521 Freitas. There is no credible evidence that Freitas failed to act as a reasonably prudent person at the time of the accident.
Since the plaintiff has failed to prove that the defendant was negligent, it is unnecessary for the court to address the issues of causation or damages. Accordingly, judgment may enter in favor of the defendant.
White, J.