**AMERICAN TRUCKING ASSOCIA-TIONS, INC., et al.**

v.

**Rodney S. QUINN, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 14, 1983.

Decided Oct. 28, 1983.

Dennis G. Bezanson (orally), South Portland, Portland, for plaintiffs.

William C. Nugent, Chief Counsel, Dept. of Transp., Augusta, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

WATHEN, Justice.

The plaintiffs on this appeal are Decato Brothers, Inc., R. Lavoie Trucking, Inc., and S & K Trans., Inc., members of the original class of plaintiffs involved in this litigation. They appeal from an order of the Superior Court (Kennebec County) denying their motion to enforce judgment. Plaintiffs seek to recover taxes paid to the state before Maine's truck tax, 29 M.R.S.A. § 246–A (Supp.1981) was declared unconstitutional.

Plaintiffs argue that their tax payments are subject to a prior order of the Superior Court requiring that certain funds be held in escrow or, alternatively, that the payments were made under duress. In either event they contend that the state must refund their payments. We find that the Superior Court did not err in ruling that the payments were not subject to the escrow fund. Further, we conclude that plaintiffs' entitlement to a refund on the theory of payment under duress was not properly before the court. We deny the appeal.

At an earlier stage in this class action, the truck tax imposed pursuant to 29 M.R.S.A. § 246–A was challenged on constitutional grounds. In a preliminary order dated July 29, 1981, the Superior Court declined to enjoin collection of the tax but established an escrow fund and ordered that:

the state ... deposit all funds received from out of state trucks pursuant to § 246–A in an escrow fund to be established in an interest bearing account at an appropriate financial institution and held there pending resolution of this liti-

gation. *The order would apply to funds collected or received at any time after 5:00 p.m. on Friday, July 31, 1981. Funds received before that time would not be affected.* (emphasis added.)

The Superior Court subsequently held the tax to be unconstitutional and on appeal we affirmed that judgment. *American Trucking Associations, Inc. v. Quinn,* 437 A.2d 623 (Me.1981).

On remand from this Court the Superior Court ordered the disposition of the escrow fund. Plaintiffs contend that the sum of $3,840.00 should have been returned to them pursuant to that order. They mailed that sum to the state on July 29, 1981. Upon receipt of the payments and the accompanying applications for Highway Use Permits, the state issued permits effective for August 1, 1981 through December 31, 1981. State clerks stamped the permits "July 31," evidencing that the plaintiffs' checks and applications were physically received by the state on July 31. By its terms, the order of the Superior Court establishing the escrow applied only to funds received *after* July 31.

When the state failed to return $3,840.00 to the plaintiffs, they filed a motion for enforcement of judgment and contempt. The Superior Court denied that motion, holding that the payments were received *prior* to 5:00 p.m. on July 31 and thus were not part of the escrow fund, and holding further that the payments were not made under duress. From that order plaintiffs appeal.

■ The plaintiffs concede that their checks were physically received before 5:00 p.m. on July 31. The checks were deposited in the state's account on August 3 and were processed and paid by the plaintiffs' banks on or about August 7. The plaintiffs rely on the definition of final payment in the Uniform Commercial Code. 11 M.R.S.A. § 3–418 (1964) merely confirms that the checks were "finally paid," by the bank on which they were drawn, on August 7. The code definition has no relevance to an interpretation of the order establishing the es-

crow fund. It applies only to the liability of the payor bank. Plaintiffs further argue that until August 7 they could have stopped payment on the checks and they conclude that the state "received" nothing until that date. The purpose of section 3–418, however, is not to shield the maker from liability on the check between the time of delivery and the time of final payment by the bank.

■ In denying plaintiffs' motion, the Superior Court justice rejected the arguments advanced on the basis of the Uniform Commercial Code. The express purpose of the court's escrow order was "to establish a firm and specific cut off date after which money received for the highway use permits, paid by any means, would be paid into the escrow fund rather than into the State Treasury." The justice correctly concluded that under the terms of the order, checks were "received or collected when the document signifying payment was received" by the state. We find no error in the Superior Court's ruling that plaintiffs' funds were not included in the escrow and were not subject to the order for disposition.

The Superior Court, in ruling on plaintiffs' motion to enforce the judgment, purported to rule on the claim that plaintiffs might be entitled to refund because the payment was made under duress. This issue was first raised by the presiding justice after the completion of the evidentiary hearing. The court on its own motion invited the parties to address the issue of duress in supplemental briefs and then ruled that plaintiffs were not entitled to a refund under that doctrine.

■ We need not review the court's ruling on the claim of duress. Although plaintiffs might be entitled to seek a refund from the state in a separate, plenary proceeding, that relief is not available on the motion presented to the Superior Court to enforce the judgment. The underlying judgment in this action and the order for disposition of funds did not adjudicate any claim to funds other than those which had

been placed in escrow. Refund of any payment outside of the escrow fund must be adjudicated in a separate proceeding in which there may be factual development of the circumstances under which the payment was made and any attendant economic harm or disadvantage to the plaintiffs.

The entry must be:

Judgment affirmed.

All concurring.