**Chester V. CLARK**

v.

**SECRETARY OF STATE.**

Supreme Judicial Court of Maine.

Argued Sept. 6, 1984.

Decided Oct. 31, 1984.

Cloutier, Joyce, Dumas & David, Paul R. Dumas, Jr. (orally), Rumford, for plaintiff.

James M. Bowie (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN, and SCOLNIK, JJ.

McKUSICK, Chief Justice.

In the Superior Court (Kennebec County) plaintiff Chester Clark sought direct judicial review under M.R.Civ.P. 80C of the Secretary of State's determination under 29 M.R.S.A. §§ 2292, 2293 (Supp.1983–1984), affirmed at an administrative hearing, that Clark was an habitual offender of the motor vehicle laws. His single claim was that the habitual offender statute violates his constitutional right to due process by permitting the Secretary of State to declare him an habitual offender on the basis of prior uncounseled motor vehicle convictions. The Superior Court rejected his argument, and so, in our turn, do we.

The statute unquestionably limits the administrative hearing for review of the Secretary of State's habitual offender determination to two issues: the identity of the driver and the fact that the driver's convictions, as stated in the records maintained in the Secretary of State's office, bring him within the definition of an habitual offender. 29 M.R.S.A. § 2294(2) (Supp.1983–1984); *cf. Brennan v. Johnson*, 391 A.2d 337, 340 (Me.1978) (circumstances surrounding prior traffic convictions not reviewable under predecessor statute). Those same two issues are also the only ones that the Secretary of State need resolve in making his initial determination of habitual offender status. 29 M.R.S.A. § 2293. In neither the administrative hearing nor before the Superior Court has plaintiff contested the fact that he is the driver named Chester V. Clark who, as shown by court abstracts on file with the Secretary of State, has within a five-year period been convicted twice for operating a motor vehicle after license suspension and once for operating under the influence of intoxicating liquor. Without more, the Secretary of State's records of those three convictions bring Clark within the statutory definition of an habitual offender and result in the automatic revocation of his right to drive. *Id.*

Clark contends, however, that by defining the habitual offender status solely in terms of the court convictions that are on record in the Secretary of State's office, and by failing to provide him an opportunity to attack the validity of those convictions, the habitual offender statute violates his due process rights under the fourteenth amendment to the United States Constitution and article I, section 6–A of the Maine Constitution. We do not agree.

■ The use of uncounseled prior convictions in establishing the civil disability of being prohibited from driving does not violate any of Clark's due process rights. In *Lewis v. United States*, 445 U.S. 55, 65–66, 100 S.Ct. 915, 920–921, 63 L.Ed.2d 198 (1980), the Supreme Court held that due process was not offended by imposing on a felon the civil disability of being prohibited from possessing a firearm, even though his felony conviction was uncounseled. There, as here, the concern was that the public be protected from persons classified as "po-

tentially irresponsible and dangerous." *Id.* *Lewis* has its analogues in Law Court decisions upholding a civil disability predicated on a felony conviction that may be subject to successful direct attack. *State v. Vainio,* 466 A.2d 471, 476–78 (Me.1983); *see also State v. Heald,* 382 A.2d 290, 294–95 (Me.1978); *cf. State v. Myrick,* 436 A.2d 379, 382–83 (Me.1981) (past conduct can be said to indicate unfitness for future activity without implicating a penalty). As we last year said in *State v. Vainio,* 466 A.2d at 478, "the Legislature may rationally seek to prohibit certain convicted persons, *even though their prior conviction may be determined on appeal to be invalid,* from possessing firearms because of the danger which may be associated with possession of firearms by convicted persons." (Emphasis added)

■ We have recently applied the *Lewis* rationale specifically to the Maine habitual offender statute. *See State v. O'Neill,* 473 A.2d 415, 417–19 (Me.1984). The reasons for our rejection of Clark's claim are identical to those explained in *O'Neill.* The fact that Clark has been three times convicted of serious motor vehicle offenses, in and of itself, justifies for constitutional purposes the State's imposition upon him of the civil disability of loss of license. *See* 29 M.R.S.A. § 2291 (Supp.1983–1984) (declaration of public policy of Maine). The Legislature may rationally seek to prohibit persons convicted of serious motor vehicle offenses from operating a motor vehicle because of the danger that is associated with such convicted persons' continuing to drive. We find nothing irrational in the legislative judgment that an automobile in the hands of an habitual offender is[1] as dangerous a weapon as a firearm in the hands of a felon.

■ Clark's due process rights are not violated by the refusal of the statute to permit the use of the hearing before the Secretary of State for a collateral attack upon Clark's prior motor vehicle convictions. *Cf. State v. O'Neill* (no collateral attack on underlying convictions permitted in criminal prosecution for operating while an habitual offender); *Piacitelli v. Quinn,* 449 A.2d 1126 (Me.1982) (no collateral attack on underlying conviction permitted in action seeking injunction against habitual offender determination). The attempted attack in the case at bar is no less collateral because it was mounted in the habitual offender proceeding before the Secretary of State and on direct judicial review thereof. *See Trustees of Somerset Academy v. Picher,* 90 F.2d 741, 744 (1st Cir.), *cert. denied,* 302 U.S. 737, 58 S.Ct. 139, 82 L.Ed. 570 (1937) ("A collateral attack is ... an attempt to avoid, defeat, or evade [a judgment], or deny its force and effect in ... any proceeding which is not instituted for the express purpose of annulling, correcting, or modifying such decree").

Nothing decided in *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), makes it constitutionally impermissible for Maine to predicate the civil disability of license loss upon uncounseled convictions. "The constitutional issue presented by *Baldasar* ... arises only upon the imposition of an enhanced penalty of incarceration." *State v. Greenwald,* 454 A.2d 827, 828 (Me.1982) (conviction for operating after habitual offender revocation). Revocation of the habitual offender's license is not itself a criminal proceeding; it involves neither the imposition of an incarceration penalty nor any enhancement of the criminal penalty for a later violation of 29 M.R.S.A. § 2298 (Supp.1983–1984) (operating while an habitual offender). *See State v. O'Neill,* 473 A.2d at 419. *Baldasar* is simply inapposite. The present appeal is controlled by *Lewis v. United States* and its Maine analogues, which permit the use of a prior uncounseled conviction to support a civil disability.

The entry is:

Judgment affirmed.

All concurring.