STATE of Maine

v.

Robert J. BROWN.

Supreme Judicial Court of Maine.
Argued June 6, 1984.
Decided March 13, 1985.

Janet Mills, Dist. Atty., Kevin J. Regan, Asst. Dist. Atty. (orally), South Paris, for plaintiff.

Becker & Hawkins, Peter J. Becker (orally), Bridgton, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Robert J. Brown appeals from his conviction of operating a motor vehicle while under the influence of intoxicating liquor, 29 M.R.S.A. § 1312–B (Supp.1984), entered after a jury trial in Superior Court, Oxford County. Brown challenges the constitutionality of the statute under which he was prosecuted. He also claims error in the court's rulings concerning testimony of a chemist who analyzed a breath sample taken from the defendant and in the court's instructions to the jury. We affirm the judgment.

At approximately 1:30 a.m. on July 7, 1982, a white 1974 Ford van crashed into a concrete retaining wall outside a house in Albany, Maine. The owner of the house heard the crash, went outside and observed the defendant wedged between the driver's seat and the van's motor. The owner extricated Brown from the vehicle and called the Oxford County Sheriff's Department. Deputy Sheriff Williams arrived at the scene at 1:55 a.m. Brown told Williams that the van had been forced off the road by an oncoming vehicle. Williams' investigation, however, led him to conclude that defendant's van had traveled on the extreme left side of the road immediately prior to the crash. Williams also detected a strong odor of alcohol emanating from the defendant.

Instead of immediately administering a field sobriety test to Brown, Williams radioed the Sheriff's Department to send an officer to the hospital to administer a blood or breath test to the defendant. Because of other assignments, however, no officer was available to go to the hospital. Williams therefore went to the hospital himself and, after arresting Brown and reading the implied consent form to him, administered a "balloon" test to him at 3:30 a.m. Harold Booth, a chemist employed by the Department of Human Services and certified by D.H.S. to conduct blood and breath alcohol analyses, testified at the trial that he had performed a gas chromatographic analysis on the defendant's breath sample. He stated that the sample tested at .13 grams of alcohol per one hundred milliliters of blood. The jury returned a verdict of guilty and this appeal followed.

Brown moved in District Court to dismiss the complaint against him on the ground that the Legislature had impermissibly delegated to the prosecutor the unreviewable discretion to proceed criminally under 29 M.R.S.A. § 1312–B or civilly under 29 M.R.

S.A. § 1312–C. On appeal he argues that, as applied to him, the statute gives a prosecutor unfettered discretion to determine whether he should be subjected to the mandatory jail sentence required under section 1312–B. His chief complaint, however, appears to be that none of the statutory criteria *requiring* criminal prosecution are applicable to him, although he makes no assertion of any prosecutorial misconduct. In view of our decision in *State v. Freeman*, 487 A.2d 1175 (Me.1985), that section 1312–C is unconstitutional, we need not consider the issue raised by Brown and we express no opinion thereon.

During the trial, Brown moved to strike Booth's testimony concerning his analysis of a sample of Brown's breath taken two hours after the accident. Brown claimed that in the absence of any "testimony as to how blood alcohol level would vary with time," the test result was not relevant. The court denied Brown's motion and, in addition, instructed both counsel not to argue "personal opinion [about] the dissipation of the blood alcohol level." Defense counsel did not object to this order.

▮▮▮ We are unable to discern error or prejudice to the defendant in the court's action. The lapse of time, without any evidence of intervening ingestion of alcohol, does not render the test result inadmissible. Furthermore, the court's instruction to the attorneys correctly informed them as to the limitations of the scope of final argument.

▮▮▮ We discern no merit in the other issues raised by the defendant. The trial court should not rule upon the qualifications of an expert witness in advance of that witness's testimony and commits no error when it declines to do so.[1] *See State v. Goyette*, 407 A.2d 1104, 1112–14 (Me. 1979). The court committed no error by referring to the witness as an "expert" in its jury instructions upon the substantive offense. Accordingly, we affirm Brown's conviction.

1. We note, in passing, that defendant does not suggest that the witness was, in fact, not competent to testify.

The entry is:

Judgment affirmed.

All concurring.