## STATE of Maine
### v.
### Scott HEWS.

Supreme Judicial Court of Maine.

Argued Jan. 11, 1985.

Decided April 5, 1985.

David W. Crook, Dist. Atty., (orally), Pamela J. Ames, Asst. Dist. Atty., Augusta, for plaintiff.

Scott P. Hews, pro se, did not appear.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

MEMORANDUM OF DECISION.

The State appeals the decision of the District Court (Waterville) dismissing for want of prosecution the civil complaint charging Scott Hews with operating under the influence in violation of 29 M.R.S.A. § 1312–C (Supp.1984–1985). Our recent decision in *State v. Freeman*, 487 A.2d 1175 (Me.1985), declared 29 M.R.S.A. § 1312–C unconstitutional. Thus, the propriety of dismissing the complaint for want of prosecution aside, the dismissal was not in error.

The entry is:

Judgment affirmed.

All concurring.

### Jacky L. SPEAREN
### v.
### ADAMS RUSSELL CORPORATION
### and Kansas City Fire & Marine.

Supreme Judicial Court of Maine.

Argued March 12, 1984.

Decided April 9, 1985.

Arthur J. Keenan (orally), Bangor, Me., for plaintiff.

Frederick Greene (orally), Portland, Me., for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

MEMORANDUM OF DECISION.

Jacky Spearen appeals from a decision of the Workers' Compensation Commission, Appellate Division, reversing an award of compensation made by a commissioner. On appeal she seeks reinstatement of the commissioner's determination that Spearen's injury "arose out of" her employment. Spearen claims that the Appellate Division erred when it decided that the commissioner's ruling was arbitrary and without rational foundation. The Court is evenly divided on the question whether the decision of the Appellate Division is correct.

Accordingly, the entry is:

By an evenly divided Court, judgment affirmed.

It is further ordered that the employer pay to the petitioner an allowance of $550.00 for her counsel fees, plus her reasonable out-of-pocket expenses for this appeal.

All concurring.