**STATE of Maine**

v.

**Donald R. RENY, Jr.**

**STATE of Maine**

v.

**Mark BRETON.**

Supreme Judicial Court of Maine.

Argued May 6, 1986.

Decided July 10, 1986.

James E. Tierney, Atty. Gen., William R. Stokes (orally), James M. Bowie, Nicholas Gess, Asst. Attys. Gen., Augusta, for plaintiff.

Mark E. Dunlap (orally), Portland, for Reny.

Jeffrey Pickering (orally), Monticello, for Breton.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

In consolidated appeals the State challenges two orders of the District Court, Portland, setting aside the defendants' civil

OUI adjudications on the ground that the civil OUI statute, 29 M.R.S.A. § 1312–C (Supp.1984), was held to be unconstitutional in *State v. Freeman*, 487 A.2d 1175 (Me.1985). Both Donald Reny and Mark Breton were adjudicated for operating under the influence pursuant to the civil OUI statute prior to our decision in *Freeman*. Neither defendant appealed his conviction. Both filed motions pursuant to M.D.C. Civ.R. 60(b)(4) to vacate the adjudications after we decided *Freeman*. The District Court granted these motions, and the Superior Court, Cumberland County, affirmed. Because we determine that the burden of relitigating civil OUI adjudications outweighs the concerns raised by the defendants, we vacate the judgments of the District Court.

The State relies upon principles of res judicata to support its argument that the defendants are precluded from obtaining relief under Rule 60(b)(4). The State points out that neither defendant appealed the District Court adjudiction or challenged the constitutionality of section 1312–C. Citing *Maines v. Secretary of State*, 493 A.2d 326 (Me.1985), the State argues that the defendants should not be allowed to convert Rule 60(b) into an alternative for appeal of their adjudications.

In response, the defendants rely upon the assumption that a judgment based upon an unconstitutional statute is void and subject to attack under Rule 60(b)(4) at any time. They contend that the inevitable result of our decision in *State v. Freeman*, 487 A.2d 1175 (Me.1985), is to render the civil OUI statute a nullity *ab initio*. We rejected that concept in *State v. Higgins*, 338 A.2d 159 (Me.1975). In *Higgins* we adopted the Supreme Court's view that courts should disregard rigid absolutes and focus on the practical realities involved in reconciling competing interests, even if those interests have constitutional roots. 338 A.2d at 162 (quoting *Lemon v. Kurtzman*, 411 U.S. 192, 201, 93 S.Ct. 1463, 1469, 36 L.Ed.2d 151 (1973)).

If we look to the practical realities of the two cases before us, we note that the interests involved weigh heavily against the retroactive application of our decision in *Freeman*. As the State argues, each defendant's failure to challenge his adjudication by direct appeal is a bar to relitigation under the principles of res judicata. To overcome that bar on a motion pursuant to Rule 60(b)(4), even on a claim of constitutional dimension, the defendants must demonstrate that the prior judgment creates such unfairness as to be an affront to the integrity of the judicial process. *See, e.g.,* *Land Use Regulation Commission v. Tuck*, 490 A.2d 649 (Me.1985) (judgment imposed fine for criminal contempt without giving contemnor benefit of due process); *Wells v. State*, 474 A.2d 846 (Me.1984) (judgment debtors committed to jail without due process).

We discern no similar impact upon the integrity of the judicial process in the cases at bar. The fact that these adjudications were obtained without trial by jury or proof beyond a reasonable doubt does not necessarily render suspect the determination that proscribed conduct had occurred. Had the Legislature effectively decriminalized OUI prosecutions, we would discern no interference with the defendants' due process rights as a result of the imposition of civil fines and license suspensions.

As opposed to the defendants' interests, the State points to reliance interests that we must consider in reviewing the practical realities of these cases. To hold all past civil OUI adjudications null and void would leave many of the former adjudicants open to criminal prosecution. *State v. DeRoehn* 510 A.2d 1076 (Me.1986). Efforts to relitigate after substantial passage of time would likely be difficult and burdensome on judicial and prosecutorial resources. In reconciling the competing interests involved, we determine that the burden of relitigating civil OUI adjudications far exceeds the interests of the defendants in eradicating traffic infractions, albeit based upon an unconstitutional statute.

The entry is: Judgments vacated.

Remanded for entry of judgments vacating the District Court orders and directing denial of defendants' motions.

All concurring.