STATE of Maine,

v.

Roger MITCHELL.

Supreme Judicial Court of Maine.

Argued May 8, 1986.

Decided July 10, 1986.

Michael E. Povich, Dist. Atty., Jane M. Eaton (orally), Asst. Dist. Atty., Calais, for plaintiff.

Gray, Gray & Palmer, William N. Palmer (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

The State appeals pursuant to 15 M.R.S.A. § 2115–A (1980 & Supp. 1985) from an order of the District Court, Calais, dismissing a complaint against Roger Mitchell charging him with operating after suspension in violation of 29 M.R.S.A. § 2184 (1978 & Supp.1985). The court ruled that the complaint was defective because the suspension was based upon a civil OUI adjudication. We vacate the judgment of dismissal.

Mitchell defends the action of the District Court on the ground that our decision in *State v. Freeman*, 487 A.2d 1175 (Me. 1985), determined that the civil OUI statute was unconstitutional. That determination, Mitchell argues, rendered his civil OUI adjudication subject to collateral attack because it was based upon an unconstitutional statute. Mitchell attempts to distinguish our holding in *State v. Higgins*, 338 A.2d 159 (Me.1975), because his operation of a motor vehicle occurred after we announced our decision in *Freeman*. We disagree for two reasons. First, today's decision in *State v. Reny*, 511 A.2d 1066 (Me.1986), establishes that previously final civil OUI adjudications were not rendered void by the impact of *Freeman*. The cases that Mitchell relies on for the principle that *Freeman* will be applied retroactively are all cases in which we addressed the question of the applicability of *Freeman* on direct appeal. *See State v. Ifill*, 493 A.2d 1061 (Me.1985); *State v. Hews*, 489 A.2d 1113 (Me.1985); *State v. Brown*, 488 A.2d 939 (Me.1985); *State v. Fisk*, 488 A.2d 156 (Me.1985). Second, in our application of the balancing test espoused in *Higgins* and applied in *Reny*, we see no policy reason to encourage self-help either before or after a ruling on the constitutional issue. For the reasons set forth in *Reny* we conclude that Mitchell's civil OUI adjudication was not rendered a nullity *ab initio* by the *Freeman* decision and that his suspension was not thereby rendered invalid.

The entry is:

Judgment of dismissal vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.