**Richard J. TIBBETTS**

v.

**SECRETARY OF STATE.**

Supreme Judicial Court of Maine.

Argued Sept. 2, 1986.
Decided Oct. 23, 1986.

Cloutier, Joyce, Dumas & David, P.A., John McCurry (orally), Rumford, for plaintiff.

James M. Bowie (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Richard J. Tibbetts appeals from a judgment of the Superior Court, Kennebec County, affirming the decision of the Secretary of State that Tibbetts's driving record brought him within the statutory definition of habitual offender, 29 M.R.S.A. § 2292 (Supp.1985). The sole issue that Tibbetts raised before the Administrative Hearing Examiner and before the Superior Court, he now presents on appeal. Tibbetts contends that our decision in *State v. Freeman*, 487 A.2d 1175 (Me.1985), precludes reliance on a civil OUI conviction in determining habitual offender status. Because we reject that contention, we affirm the judgment.

The facts are not in dispute. In March of 1985 Tibbetts was notified of the revocation of his operator's license as an habitual offender. Tibbetts made a timely request for a hearing. Before the hearing examiner, Tibbetts challenged the use of a prior violation under 29 M.R.S.A. § 1312–C (repealed 1985) because that section had been declared unconstitutional. The hearing examiner declined to entertain Tibbetts's argument on the ground that the issues before him were limited by statute to consideration of identity and driving record, *see* 29 M.R.S.A. § 2294(2) (Supp.1985). He therefore affirmed the revocation. Tibbetts's timely complaint in the Superior Court for a review of the administrative determination resulted in its affirmance. This appeal followed.

Tibbetts insists that his appeal is not controlled by our two recent decisions in *State v. Reny and Breton*, 511 A.2d 1066 (Me.1986) and *State v. Mitchell*, 511 A.2d 1068 (Me.1986). He argues that he seeks only to preclude the post-*Freeman* use of a civil OUI conviction in order to impose punitive consequences upon him. He argues that in our opinion in *Freeman* we recognized that the imposition of habitual offender status was part of the punitive consequences of Maine's civil OUI statute. Tibbetts points out that unlike *Mitchell* he has not resorted to self-help in operating a motor vehicle while under suspension. He suggests, moreover, that the relief he seeks would place no additional burden upon the administrative or judicial processes of the State.

The principles we applied in *Clark v. Secretary of State*, 483 A.2d 708 (Me. 1984), are dispositive of Tibbetts's appeal. The mere fact that one of his three convictions was obtained under section 1312–C does not invalidate the Secretary of State's determination of habitual offender status. *See Clark v. Secretary of State*, 483 A.2d at 710. We stated in *Reny* that adjudications obtained without trial by jury or proof beyond a reasonable doubt were not thereby suspect. *State v. Reny and Breton*, 511 A.2d at 1067. Tibbetts was adjudged to have engaged in proscribed conduct. The imposition of civil disability based in part upon that adjudication offends neither Tibbetts's constitutional rights nor the integrity of the judicial process.

Contrary to Tibbetts's contention, we did not determine in *Freeman* that the habitual offender determination constituted a punitive sanction. We have said on more than one occasion that it is a civil disability. Moreover, in *Freeman* we were called upon to determine whether the Legislature had effectively decriminalized the offense described in 1312–C. The comments in *Freeman*, 487 A.2d at 1179, concerned the use of the civil OUI adjudication as a compo-

nent in habitual offender proceedings. We concluded that such use was one of several factors that contributed to the aggregate effect that went beyond regulation to the outright punitive. We did not conclude that the use of civil OUI adjudications in habitual offender proceedings is per se punitive. Indeed, such a conclusion would be directly contrary to our holding in *Clark*.

In *Clark* we dealt with the use of uncounseled prior convictions in an habitual offender proceeding. We held that such a conviction obtained in violation of constitutional rights could be used against Clark without a violation of due process precisely because "[r]evocation of the habitual offender's license is not itself a criminal proceeding; it involves neither the imposition of an incarceration penalty nor any enhancement of the criminal penalty for a later violation of 29 M.R.S.A. § 2298". *Clark*, 483 A.2d at 710. The potentially greater penalty imposed if the habitual offender later operates without a license is one step removed from the type of enhancement that raises a constitutional issue. *Id.*

The entry is:

Judgment affirmed.

All concurring.