Ronald O. **WELLMAN**

v.

**DEPARTMENT OF HUMAN SERVICES.**

Supreme Judicial Court of Maine.

Argued Jan. 31, 1990.
Decided May 7, 1990.

Gordon H.S. Scott (orally), Eaton, Peabody, Bradford & Veague, Augusta, for plaintiff.

Christopher C. Leighton (orally), Raymond Ritchie, Asst. Attys. Gen., Augusta, for defendant.

Before WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

Ronald O. Wellman appeals from the entries of partial summary judgments granted by the Superior Court (Kennebec County, *Brennan, J.*) in favor of the Department of Human Services ("Department"). Wellman contends that the requirement that he, an unwed father, reimburse the Department for Aid to Families with Dependent Children ("AFDC") payments made to his child's mother for the support of his child, which are used in part to support the mother, exceeds statutory authority and violates his constitutional right to equal protection of the laws. Wellman further contends that the Superior Court erred in holding that sovereign immunity bars any but prospective relief to the plaintiff class resulting from possible Departmental determinations that the mothers of the plaintiffs' children may have been ineligible for AFDC payments. We reject

those contentions and affirm the judgments.

Wellman is the acknowledged father of a child born in 1984. He never married the child's mother, who lived separately from Wellman after the child's birth. The mother began receiving monthly AFDC grants of $289 [1] in 1985 and continued receiving them well into 1986, when Wellman was awarded custody of the child by a District Court order.

Under the provisions of 19 M.R.S.A. § 498 (Supp.1989),[2] the Department sought in an administrative proceeding to recover from Wellman, the father of the child, the amount of AFDC grants it had paid to the child's mother. After administrative hearings,[3] the Department ordered Wellman to reimburse the full amount of the AFDC payments made to the mother.

Wellman brought an action in the Superior Court pursuant to 5 M.R.S.A. §§ 11001–11007 (1989), 19 M.R.S.A. § 516 (Supp.1989) and M.R.Civ.P. 80C, seeking judicial review of the administrative determination of the Department. Wellman also initiated a claim pursuant to 42 U.S.C. § 1983 (1982), alleging violations of his constitutional rights to due process and equal protection, and seeking an award of attorney fees under 42 U.S.C. § 1988 (1982). Under the provisions of M.R.Civ.P. 23, Count II of Wellman's action was certified as a class action, the class comprised of unmarried but acknowledged fathers of minor children who have been ordered to reimburse the Department for AFDC payments made to the mothers of those children.

In an order dated June 2, 1989 and later amended on October 25, 1989, the court agreed with Wellman's contention that the Department improperly refused at the administrative hearing to allow him to challenge the mother's eligibility for AFDC payments.[4] See 19 M.R.S.A. § 498(4)(A) (Supp.1989). The court granted partial summary judgment to Wellman on Count I of the complaint, vacated the Department's order fixing the amount he is required to reimburse the Department, and remanded the matter to the Department for the purpose of holding a new hearing on the issue of AFDC eligibility of the mother of Wellman's child.[5] The Department was also ordered to notify members of the class of their right to such a hearing.[6] The Department has not appealed from that ruling.

The court entered partial summary judgment for the Department on that part of Count I challenging the Department's requirement that members of the class reimburse the Department for the share of the AFDC payment not exclusively allocated to support of the child, and on the claim under 42 U.S.C. § 1983 in Count II. Wellman has appealed from those judgments.

I.

Wellman agrees that he owes a duty of support to his child, see 19 M.R.S.A. § 442

1. $289 is the monthly grant to a household consisting of one child and one adult. A monthly AFDC payment to a child alone would be $108. Wellman contends that his liability should be limited to $108 for each month that AFDC payments were made.

2. 19 M.R.S.A. § 495 (Supp.1989) provides that the Department's payment of AFDC monies to benefit a dependent child creates a debt due the Department from a responsible parent. Section 498 sets out the procedure by which the Department may establish the amount of the support obligation that is owed to the Department and to procure what amounts to a judgment.

3. The first proceeding was followed by an administrative review hearing held pursuant to 19 M.R.S.A. § 515 (1981 & Supp.1989).

4. Wellman contends that during much of the time the mother was receiving AFDC payments, he actually provided the child's care.

5. For the purposes of a Departmental hearing pursuant to section 498, it was the practice of the Department to presume conclusively that the recipient of the AFDC payments was eligible.

6. Should a mother of a child of a member of the class other than Wellman be determined to be ineligible for AFDC payments, the court ordered that "any change in a class member's reimbursement obligation need be prospective only, although it should apply to all payments not then made by the class member, regardless of the time when such payments were originally ordered." The issue of retroactive relief to members of the class is discussed in Part II, infra.

(Supp.1989),[7] and that the Department can seek reimbursement from him for the support given to that child. *See* 19 M.R.S.A. § 495. He argues that because section 498 allows the Department to establish his support obligation only to the extent required by section 442, and since section 442 does not require him as an unwed father to support the mother of his child, he should not be required to reimburse the Department for the full amount of the AFDC payments because those payments were made to and include support for the child's unwed mother.[8] He therefore contends that there is no statutory authority for the Department to implement its policy of requiring full reimbursement and that such a policy denies him equal protection of the law.

### A.

■ Wellman's obligation to reimburse the Department for the AFDC payments made to the mother of the child is set out in the statutory and case law governing AFDC. The AFDC program is a cooperative federal/state public assistance program under which the federal government provides matching funds to states in order to assist needy children. The Department operates the AFDC program in accordance with federal requirements outlined in 42 U.S.C. § 607 (1989). Underlying the legislative scheme is the reality that in order to properly support a needy child, provision must be made for the responsible adult, frequently, but not always, the child's mother, who cares for that child. Maine adopted the goals of the AFDC program, stated in 42 U.S.C. § 601, through 22 M.R.S.A. § 3741 (Pamph.1989). *Ottman v. Fisher*, 319 A.2d 56, 64 (Me.1974). Those goals include

encouraging the care of dependent children in their own homes or in the homes of relatives by enabling each state to furnish financial assistance and rehabilitation and other services ... to needy dependent children *and the parents or relatives with whom they are living* to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection....

(Emphasis added.) " 'Since the person caring for the child must have food, clothing and other essentials, amounts allotted to the children must be used in part for this purpose if no other provision is made to meet her needs.' " *Peggy S.M. v. State*, 397 A.2d 980, 982–83 (Me.1979) (quoting H.R.Rep. No. 1300 with respect to 1950 amendment to 42 U.S.C. § 606(b) (emphasis omitted)).

Wellman's contention that the AFDC payments are somehow divisible between the child and the mother is without foundation. "The maintenance of the custodial parent is an inseparable and necessary part of the support of the dependent child." *State v. Chamberland*, 361 N.W.2d 814, 818 (Minn.1985); *see also Castellani v. Criscuolo*, 39 Conn.Supp. 485, 466 A.2d 812, 813 (Conn.Super.Ct.1983). The AFDC program is designed to help the child by preserving and strengthening the family entity, and merely granting aid to the dependent child does not adequately meet the child's need for care. *Rodriguez v. Vowell*, 472 F.2d 622, 624 (5th Cir.1973). Although Wellman is entitled to be heard at the Department level on whether the mother was eligible to receive benefits, the AFDC payments made to the mother for which he is required to reimburse the Department are presumed to constitute necessary support for the child and Wellman has the burden to overcome that presumption.

An assumption that child support payments to families receiving AFDC benefit are typically used for the entire family's needs is entirely reasonable.... This conclusion does not rest on an assumption that custodial parents routinely violate state law restrictions on the use of support money. For the requirement

---

7. 19 M.R.S.A. § 442 (Supp.1989) provides that "[e]very man shall support his wife and his child."

8. *See supra* note 1.

that the support income be used for the "benefit" of the child does not preclude its use for common expenses. Moreover, the custodial parent's duty to benefit the supported child is not necessarily served simply by spending more money on him or her than on other children living in the same home. As the District Court recognized, nothing in the ... law requires a custodial parent to focus only on the economic interest of the child receiving support without taking into account the emotional and psychological welfare of the child. Congress' finding that custodial parents were routinely using the support funds for the entire family thus reflects the reality that such use is typically proper since expenditures for an entire family typically benefit each member of the household.

*Bowen v. Gilliard,* 483 U.S. 587, 600 n. 14, 107 S.Ct. 3008, 3016 n. 14, 97 L.Ed.2d 485 (1987) (citations omitted).

To accept Wellman's contention that he is responsible for only the discrete portion of the AFDC payments spent directly on the child would diminish substantially the obligation of a parent to support a child who requires care from a responsible adult, and transfer a large part of that obligation to the state. The authority provided under sections 495 and 498 allows the Department to recover from unwed fathers the full AFDC payments made to eligible mothers.

### B.

Wellman further contends that requiring him to reimburse the Department for AFDC payments made to his child's mother deprives him of equal protection of the laws within the meaning of the Fourteenth Amendment to the United States Constitution. He argues that the requirement treats him less favorably than unmarried fathers whose children live with a relative other than the mother; divorced fathers;

and mothers. We agree with the Superior Court and reject Wellman's contentions.

■ The prohibition against denial of equal protection of the law to any person is implicated only when action by the state results in treatment of that person different than that given similarly situated individuals. *Brann v. State,* 424 A.2d 699, 703 (Me.1981). All parents have a child support obligation enforceable under section 495 and 498. A father, whether married, divorced or never married, owes a duty of support under 19 M.R.S.A. § 442, and if AFDC payments are made on behalf of his child constituting necessary support for that child, he can be required to reimburse the Department for those payments, even if they were made to someone to whom the father owes no separate duty of support. Under 19 M.R.S.A. § 443, a woman has an obligation identical to that of a man to support her child, and she may be required under sections 495 and 498 to reimburse the Department for AFDC payments made on behalf of the child, even if made to the father of the child to whom she has never been married and to whom she owes no separate duty of support. Although a married or divorced man may be subject to a court order to support his wife or former wife, and that order would determine the extent of the debt due the Department, *see* 19 M.R.S.A. § 495(1)(B), that man is not similarly situated to the never-married Wellman. Therefore, because the law governing reimbursement of AFDC payments treats all similarly situated parents equally, there is no implication of the equal protection clause.

■ Wellman contends that 19 M.R.S.A. § 272, providing that AFDC payments made to the mother shall be considered necessary support for the child,[9] without any corresponding statutory presumption of necessity applying to AFDC payments made to a father, creates a gender-biased

9. 19 M.R.S.A. § 272 dealing with paternity provides in pertinent part:
   Aid to Families with Dependent Children benefits expended ... on behalf of the mother by the public authority shall be considered necessary support for the child.

This explicit provision was added to the paternity statute by P.L.1985, ch. 652 (effective July 15, 1986).

discrimination that violates his equal protection rights. If such a presumption operated exclusively when mothers were the recipients of AFDC payments and there was no corresponding presumption applicable to AFDC payments made to fathers, it might well constitute an equal protection violation. *See Califano v. Westcott*, 443 U.S. 76, 84, 99 S.Ct. 2655, 2660, 61 L.Ed.2d 382 (1979); *see also Beal v. Beal*, 388 A.2d 72, 74–75 (Me.1978). Such is not the case here. We decline to interpret the inclusion of presumption language in section 272 as precluding a corresponding presumption clearly contemplated in the overall statutory scheme, that AFDC payments made to an eligible father or other relative, benefit the child. *Peterson v. Norton*, 395 F.Supp. 1351, 1353 (D.Conn.1975); *see Beal*, 388 A.2d at 76. As the Superior Court correctly concluded, the statutes dealing with AFDC demonstrate a purpose to encourage "the care of dependent children in their own homes ... by enabling each state to furnish financial assistance ... to needy dependent children and the *parents or relatives* with whom they are living...." 42 U.S.C. § 601 (emphasis added). There is an operative presumption that the child support payments, even when used by the entire household, are benefitting the child. *Bowen*, 483 U.S. at 600, 107 S.Ct. at 3016; *Peggy S.M.*, 397 A.2d at 982. That presumption applies in every case, not only when the support is paid to the mother. There has been no violation of Wellman's equal protection rights.

## II.

█ Wellman was improperly deprived of his right to challenge at the administrative level the mother's eligibility to receive the AFDC payments prior to his being ordered to reimburse the Department. The Superior Court also required the Depart-

ment to notify members of the class—unmarried fathers required to reimburse the Department for AFDC payments made to their children—of their right to challenge the eligibility of the recipients of the payments. Wellman challenges that ruling to the extent that it precludes, because of sovereign immunity, anything but prospective relief to members of the class who could demonstrate that the mother of the child receiving the AFDC payments was ineligible.[10]

An order requiring an unwed father to reimburse the Department for AFDC payments made to the mother of those children issued after proceedings under 19 M.R.S.A. § 498, and not appealed from, is res judicata. *Standish Tel. Co. v. Saco River Tel. & Tel. Co.*, 555 A.2d 478, 481 (Me.1989). Because the mother's eligibility was conclusively presumed in all of the prior hearings, the Superior Court has afforded the members of the class the opportunity to now challenge that eligibility. Should any member of the class succeed in his challenge, however, sovereign immunity bars retroactive recovery of any previously made payments.[11]

█ In *Thiboutot v. State*, 405 A.2d 230 (Me.1979), *aff'd*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), we concluded that sovereign immunity barred retroactive recovery of AFDC welfare underpayments by plaintiff class members in a 42 U.S.C. § 1983 action at least when, as here, there is no allegation or evidence of bad faith, racial discrimination or other constitutionally impermissible purpose. *Thiboutot*, 405 A.2d at 237. In the absence of the State's waiver of its sovereign immunity,[12] that immunity likewise bars retroactive recovery of AFDC support reimbursements by the plaintiff class in this case. Wellman contends that sovereign immunity cannot

---

**10.** Eligibility could be denied if the mother was not actually providing care for the child, which is what Wellman contends in this case, or if she did not meet financial criteria. *See Johnson v. Cohen*, 836 F.2d 798, 801 (3d Cir.1987).

**11.** *See supra* note 6. Because Wellman appealed the administrative order requiring him to reimburse the Department, and has not made

the reimbursements, relief to him is prospective and not precluded by sovereign immunity.

**12.** The State could, by legislation, consent to members of the plaintiff class bringing suit to retroactively recover for AFDC payments reimbursement. *See Drake v. Smith*, 390 A.2d 541, 544 (Me.1978).

preclude retroactive recovery of the payments made to the Department by the plaintiff class because such payments, if later determined to be reimbursement for AFDC payments made to ineligible recipients, constitute a taking within the meaning of art. I, § 21 of the Maine Constitution.[13] In *Foss v. Maine Turnpike Auth.*, 309 A.2d 339 (Me.1973), we held that damage done to real property abutting the Maine Turnpike by the salting operations of the Maine Turnpike Authority could constitute a taking for which compensation would be required. *Id.* at 343. In order for there to be a taking, however, there must be a physical invasion of private property or a substantial impairment of its use and enjoyment. *Id.* at 342. The concept of a taking does not apply to an overpayment of money to the state by a citizen, whether in the form of a welfare reimbursement or a tax payment, *see American Trucking Assoc., Inc. v. Quinn*, 466 A.2d 1266, 1267 (Me.1983); *Berry v. Daigle*, 322 A.2d 320, 324, 327 (Me.1974), or a fine under a statute later declared unconstitutional. *See State v. Mitchell*, 511 A.2d 1068, 1068 (Me. 1986); *State v. Reny*, 511 A.2d 1066, 1067 (Me.1986).

The entry is:

Judgments affirmed.

All concurring.

---

13. Art. I, § 21 of the Maine Constitution provides:

Private property shall not be taken for public uses without just compensation; nor unless public exigencies require it.