Argued and submitted January 25, affirmed March 3, reconsideration denied April 28, petition for review denied May 25, 1993 (316 Or 528)

In the Matter of
Buddy Ray Arnold, Krystal Marie Arnold
and Michael Roy Graves, Children.

STATE ex rel CHILDREN'S
SERVICES DIVISION,
*Respondent,*

*v.*

Susan May GRAVES,
*Appellant.*

(J1324, J1325, J1326; CA A76579)

848 P2d 133

Jad Lemhouse, Eugene, argued the cause and filed the brief for appellant.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Mother appeals a judgment terminating her parental rights to her three children. We affirm and write only to address her constitutional claim.

■■ The trial court terminated mother's parental rights under ORS 419.523(3),[1] after determining that the facts justifying termination had been established by clear and convincing evidence. ORS 419.525(3). Mother contends that Article I, section 20, of the Oregon Constitution requires that the facts be proved beyond reasonable doubt, because that is the burden of proof under the Indian Child Welfare Act (ICWA). 25 USC § 1901 *et seq.*[2]

Although ICWA does not apply to this case, because none of the children is an "Indian child" as defined in 25 USC § 1903(4), mother argues that if ICWA's burden of proof is not applied generally, a privilege or immunity would be granted to Indians that is not equally granted to non-Indians. In effect, she contends that Article I, section 20, requires the state to neutralize the different treatment of Indians and non-Indians.

Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Even assuming that the burden of proof under ICWA is a privilege or immunity, Oregon law has not granted it. ICWA is an enactment of Congress. The different treatment of Indians and non-Indians resulting from ICWA does not violate the equal protection guarantee implicit in the Fifth

---

[1] ORS 419.523(3) provides, in part:

"The rights of the parent or parents may be terminated as provided in subsection (1) of this section [which requires that the child be within the juvenile court's jurisdiction and that termination be in the child's best interest] if the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent or parents is improbable in the foreseeable future due to conduct or conditions not likely to change."

[2] We need not decide whether ICWA imposes the beyond a reasonable doubt standard only on the additional element that must be shown under 25 USC 1912(f), or whether it also imposes that standard on elements that must be shown under Oregon law. *Cf. Matter of Bluebird*, 105 NC App 42, 411 SE2d 820 (1992).

Amendment, because the classification of Indians is a classification of a sovereign political entity, not a suspect racial classification. *Angus v. Joseph*, 60 Or App 546, 554-56, 655 P2d 208 (1982), *rev den* 294 Or 569, *cert den* 464 US 830 (1983). We know of no authority, and mother directs us to none, for the proposition that Article I, section 20, requires the state to neutralize benefits granted by Congress to particular groups of people.

Affirmed.