## In re MARCUS S., et al.

Supreme Judicial Court of Maine.

Submitted on briefs Feb. 28, 1994.

Decided March 14, 1994.

Allan Hanson, Caribou, for plaintiff.

Deanna L. Staples, Anita St. Onge, Carrie Linthicum, Office of Atty. Gen., Presque Isle, for defendant.

Margaret Johnson, Presque Isle, guardian ad litem.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

DANA, Justice.

■ The mother of Marcus and Derrick S. appeals from a judgment entered in the District Court (Presque Isle, *Griffiths, J.*) terminating her parental rights pursuant to the Maine Child Protection Act, 22 M.R.S.A. § 4055(1)(B)(2) (1992 & Supp.1993). The mother, a non-Indian, argues that the Act's requirement of "clear and convincing" evidence violates the Equal Protection Clause because it is a lesser burden of proof than that required by the federal Indian Child Welfare Act ("ICWA"), 25 U.S.C.A. § 1912(f) (West 1983 & Supp.1993).

■ The United States Supreme Court has consistently rejected claims that laws which treat Indians as a distinct class violate the equal protection rights of non-Indians. *See, e.g., Washington v. Confederated Bands and Tribes of the Yakima Indian Nation,* 439 U.S. 463, 99 S.Ct. 740, 58 L.Ed.2d 740 (1979); *Delaware Tribal Business Comm. v. Weeks,* 430 U.S. 73, 97 S.Ct. 911, 51 L.Ed.2d 173 (1977); *Fisher v. District Court,* 424 U.S. 382, 96 S.Ct. 943, 47 L.Ed.2d 106 (1976); *Morton v. Mancari,* 417 U.S. 535, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974). In *Morton,* the Supreme Court observed:

> Literally every piece of legislation dealing with Indian tribes and reservations, and certainly all legislation dealing with the [Bureau of Indian Affairs], single out for special treatment a constituency of tribal Indians on or near reservations. If these laws, derived from historical relationships and explicitly designed to help only Indians, were deemed invidious racial discrimination, an entire Title of the United States Code (25C) would effectively be erased and the solemn commitment of the Government toward the Indians would be jeopardized.

417 U.S. at 552, 94 S.Ct. at 2483. The Court noted the plenary power of Congress to legislate on behalf of Indians. *Id.* at 551, 94 S.Ct. at 2483. The proper inquiry in a determination of the constitutionality of such laws is whether the special treatment could be rationally tied to the fulfillment of Congress's unique obligation toward Indians. *Id.* at 552, 94 S.Ct. at 2483.

The Indian's special status, stemming from the historical relationship between the United States and a sovereign indigenous people, as well as the legislative goal of the ICWA, to keep Indian families from disruption, place the Indian mother in a different situation than the non-Indian mother. *See, e.g., United States v. Antelope,* 430 U.S. 641, 97 S.Ct. 1395, 51 L.Ed.2d 701 (1977); *In re M.C.P., Juvenile,* 153 Vt. 275, 571 A.2d 627 (1989); 25 U.S.C.A. § 1901(3)–(4). "The prohibition against denial of equal protection of the law to any person is implicated only when action of the state results in treatment of that person different [from] that given similarly situated individuals." *Wellman v. Department of Human Servs.,* 574 A.2d 879, 883 (Me. 1990); U.S. Const. amend. XIV; Me. Const. art. 1, § 6–A. Consequently, the different burdens of proof do not violate the mother's right to equal protection. *See, e.g., State ex. rel. Children's Servs. Div. v. Graves,* 118 Or.App. 488, 848 P.2d 133 (1993); *Application of Angus,* 60 Or.App. 546, 655 P.2d 208, *cert. denied,* 464 U.S. 830, 104 S.Ct. 107, 78 L.Ed.2d 109 (1983).

The entry is:

Judgment affirmed.

All concurring.