STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-10
JRA-KEN-9/15/2000

LINDA KNUTSON,

Appellant

v.

DECISION AND ORDER

STATE OF MAINE,
SECRETARY OF STATE,

Appellee

The appellant, Linda Knutson, brings this matter to this court via M.R. Civ. P. 80C in order to set aside the determination of a Secretary of State's hearing officer which denied her petition to review the suspension of her motor vehicle license. Knutson's license had been administratively suspended by the Secretary of State because that officer had received a report from Maine State Trooper Greg Stevens that he had probable cause to believe that she had been operating a motor vehicle with an excessive blood-alcohol level. 29-A M.R.S.A. § 2453(3) (1996 & Supp. 1999).

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, the Superior Court is to review the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *See Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). The focus of such an appeal is not whether the court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence which supports the result reached by the agency. *See CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261. Moreover, the factual determinations made by

the agency must be sustained unless shown to be clearly erroneous. *See Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). "A party seeking review of an agency's findings must prove they are unsupported by *any* competent evidence." *Maine Bankers Ass'n. v. Bureau of Banking*, 684 A.2d 1304, 1306 (Me. 1996) (emphasis supplied). "Inconsistent evidence will not render an agency decision unsupported." *Id.* Additionally, credibility determinations are "exclusively the province of the [agency] and will not be disturbed on appeal." *Sprague Electric Co. v. Maine Unemployment Ins. Comm'n.*, 544 A.2d 728, 732 (Me. 1988).

The scope of a hearing before a Secretary of State's hearing officer to review the administrative suspension of a driver's license in the context of this case must include whether:

A.    The person operated a motor vehicle with an excessive blood-alcohol level; and
B.    There was probable cause to believe that the person was operating a motor vehicle with an excessive blood-alcohol level.

29-A M.R.S.A. § 2453(8) (1996 & Supp. 1999).

Apparently, there is no dispute that the appellant was operating a motor vehicle during the late evening hours of August 21, 1999. The appellant argues, however, that the conclusion of the hearing officer that she was operating the motor vehicle with an excessive blood-alcohol level at that time "is completely unsupported by substantial evidence when the record is viewed as a whole and represents an abuse of the hearing officer's discretion." Appellant's Brief, pp. 6-7.

Taking the evidence in its entirety, the hearing officer was justified in finding that the appellant drove her vehicle off the road on a straight stretch of highway, ending up straddling a stone wall about 12 feet from the road. Decision (D), p. 1, Tr., pp. 4, 7. That the hearing officer inferred from this circumstance that there was some evidence of intoxication, cannot, by itself, rise to the level of substantial evidence supporting the finding that the appellant had an excessive blood-alcohol level. Such a circumstance, however, taken with the rest of the evidence found by the hearing officer, could reasonably yield this conclusion.

That evidence consists of observations made by Dr. Carl Mayhew who went to the accident scene at the behest of Barbara McKechnie, a neighbor to Mayhew who had heard the accident occur. Mayhew smelled alcohol on the appellant's breath, opining, "She perhaps has had a drink." Tr., pp. 29, 38. He found her to be coherent, able to walk, and that her speech was not especially slurred. Tr., pp. 38-41, 44. He also offered the further opinion that he observed nothing about the appellant to lead him to believe she was impaired by alcohol. Tr., pp. 45, 50. He also testified that he found no alcohol around the vehicle and offered her none. Tr., pp. 40-41. He also acknowledged that he had a poor sense of smell and is a friend of the appellant. Tr., pp. 43, 46. He estimated that he went to the accident scene at 11:00 p.m., Tr., pp. 40, 45-46.

From this, the hearing officer reasonably determined that by virtue of Dr. Mayhew's detection of alcohol on the appellant's breath and the position of her car that there was some evidence of intoxication coupled with operation of a motor

3

vehicle. Moreover, although the finding was not articulated by the hearing officer as a basis for her decision, the fact that Dr. Mayhew found no alcohol around the appellant's vehicle and observed her drinking none, yields the inference that if she had consumed alcohol such would have had to have occurred before she entered her car and gone off the road.

The balance of the testimony is in conflict as to the appellant's consumption of alcohol that night. The appellant argues that her high blood-alcohol level from the test she took later that night was due to the considerable consumption of whiskey she undertook once she had been escorted to her mother's home by Dr. Mayhew. The hearing officer found, however, that such testimony was suspect and preferred to accept Trooper Stevens' account and explanation for the appellant's condition.

He testified that he arrived at the accident scene at 10:50 p.m., having received a call 10 to 20 minutes earlier, and interviewed Barbara McKechnie, who had called in the accident to the police. Tr., pp. 2, 17. She told the trooper that she had smelled intoxicating liquor emitting from the appellant. Tr., pp. 3, 24. Trooper Stevens next went to the appellant's mother's home, arriving at about 11:30 p.m., and learned from both women that the appellant had consumed no alcohol since arriving home. Tr., pp. 8-9, 16. He also observed no alcohol in the vehicle or in the house where he found the appellant. Tr., p. 19. Indeed, the appellant denied to the trooper that she had consumed any alcohol at all that night. He observed, however, that the appellant's eyes were blood shot and her words were "really slurred and deliberate."

4

Tr., p. 9. She had difficulty walking to the cruiser and at the police station failed field sobriety tests. Tr., pp. 10, 12-14. She then took an intoxilyzer test with a result of .17 blood-alcohol content. Tr., p. 15. The time of the test was midnight. Tr., p. 14.

From all of this, the hearing officer was entitled to believe that the appellant had consumed a sufficient amount of alcohol to yield a blood-alcohol content of .17 at midnight and that she had consumed this alcohol prior to her accident which had occurred some time near to 10:30 p.m., perhaps earlier. While not expressed in the hearing officer's decision, it is within common human experience, if it is not obvious, that a high blood-alcohol content at midnight, with no intervening drinking, is likely to mean that the drinker probably had a high level of alcohol an hour and a half or more earlier when alcohol consumption had ceased because alcohol dissipates in the body over time. That being so, it was reasonable for the hearing officer to have concluded that at the time the appellant was operating her motor vehicle and went off the road, she had an excessive blood-alcohol level. *See State v. Anglin,* 2000 ME 89, ¶ 10, 751 A.2d 1007; *State v. Brown,* 488 A.2d 939, 941 (Me. 1985).

The fact that the appellant offered testimony that she had consumed alcohol after the accident and before her test is of no consequence on appellate review. The hearing officer found this testimony to be "suspect," D., p. 2, and this court is not to substitute its assessment of a witness's credibility for the factfinder's. *See Sprague Electric Co. v. Maine Unemployment Ins. Comm'n.,* 544 A.2d at 732. By the same token, the hearing officer was not bound to accept Dr. Mayhew's opinion as to the

5

appellant's sobriety. The hearing officer reasonably relied on the evidence of this case which would yield the rational conclusion that the appellant had consumed alcohol sufficient to yield a high blood-alcohol content, that she had consumed this alcohol before driving her vehicle off the highway, that she had consumed no alcohol from the time she drove until she was tested, and that it would therefore be logical to infer that she had an excessive blood-alcohol level when she drove off the road.

All this being so, this court cannot conclude that the factual determinations made by the hearing officer were clearly erroneous; the fact that there are inconsistencies in the evidence does not render this decision unsupported. *See Maine Bankers' Ass'n. v. Bureau of Banking*, 684 A.2d at 1306. Indeed, the hearing officer's conclusions are based on competent and substantial evidence and will not be here disturbed.

For all these reasons, the entry will be:

Appeal DENIED; order of April 21, 2000, staying the suspension of the appellant's right to operate a motor vehicle pending appeal is VACATED; appellant is ORDERED to surrender her motor vehicle operator's license to the Secretary of State forthwith.

So ordered.

Dated: September 15, 2000

John R. Atwood
Justice, Superior Court

6

Linda Knutson     vs.    State of Maine

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| C H Spurling Esq<br>Two Church St<br>Gardiner   Me   04345 | Joseph Wannemacher AAG<br>6 State House Sta<br>Augusta   Me   04333 |

| Date of Entry | |
|---|---|
| 2/18/00 | Appeal of BMV administrative decision (29-A MRSA section 2485(5) Me Civ Procedure rule 80C filed.   s/Spurling Esq |
| 2/28/00 | Letter entering appearance filed.   s/Wannemacher AAG |
| 3/8/00 | Certified copy of the complete record filed.   s/Wannemacher AAG |
| 3/9/00 | Notice of briefing schedule mailed to attys of record. |
| 3/30/00 | Application for stay of agency decision 5 MRSA section 11004 filed. s/Spurling Esq<br>Proposed order filed. |
| 4/3/00 | States response opposing the requested stay of license suspension filed. s/Wannemacher AAG |
| 4/5/00 | Appellants reply to states opposition to request for stay filed. s/Spurling,Esq |
| 4/14/00 | Appellant's Brief, filed. s/Spurling, Esq. |
| ------ | Court to decide motion for stay on pleadings. |
| 4/25/00 | ORDER ON MOTION FOR STAY, Atwood, J.<br>Copies mailed to attys of record. |
| 5/15/00 | Brief of Respondent, filed. s/Wannemacher, AAG |
| 5/17/00 | Appellants reply to brief of respondent filed.   s/Spurling Esq |
| 6/19/00 | Hearing transcript filed. |
| 7/7/00 | Hearing had on oral arguments held on 6/29/00 with Hon. Justice John Atwood, presiding.<br>C H Spurling, Esq. for the Plaintiff and Joseph Wannemacher, AAG for the State.<br>Oral arguments made to the court.<br>Court to take matter under advisement. |